**HILL, FARRER & BURRILL LLP**
G. Cresswell Templeton III (Bar No. 138398)
    *email:  ctempleton@hillfarrer.com*
Gretchen D. Stockdale (Bar No. 221867)
    *email:  gstockdale@hillfarrer.com*
300 South Grand Ave
37th Floor - One California Plaza
Los Angeles, CA 90071-3147
Telephone:  (213) 620-0460
Facsimile:  (213) 624-4840

**ROTHSTEIN ROSENFELDT ADLER**
Frank Herrera (*pro hac vice* pending)
    *email: fherrera@rra-law.com*
Gustavo Sardiña (*pro hac vice* pending)
    *email: gsardina@rra-law.com*
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Telephone: (954) 522-3456
Facsimile: (954) 527-8663

Attorneys for Defendants ANN BANKS
And CHRISTOPHER GREEN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EDWARD PAGE, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANN BANKS, an individual; CHRISTOPHER GREEN, an individual; and ROES 1-10,<br><br>　　　　　　　Defendants. | Case No. 07-CV-02254 JM (BLMx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Ctrm:　　16<br>Judge:　　Hon. Jeffrey T. Miller |

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    BACKGROUND

This is an action filed by Plaintiff, Joseph Edward Page (hereinafter "Plaintiff" or "Page") arguably in an attempt to allege cybersquatting, trademark infringement, and dilution.  Plaintiff's claims appear to hinge on his misguided belief that his unregistered, intent to use based federal trademark application for "COUTURE TODAY" gives him license to harass the Defendants and to otherwise attempt to strong-arm them into surrendering a domain name that has been lawfully registered and maintained since at least June 18, 2000, nearly seven (7) years prior to the filing of Plaintiff's intent to use based trademark application.[1]  Plaintiff's filing of this action is another step in his unlawful business model of highjacking domain names from unsuspecting individuals.  By Plaintiff's own admission, he has manipulated a similar scheme to his benefit, and to the detriment of an otherwise lawful domain owner, at least once before.  In the event that this matter is not dismissed, Defendants are confident that as discovery proceeds in this case, it will be clear that the Plaintiff is nothing more than a serial domain highjacker.

## II.    THIS COURT LACKS PERSONAL JURISDICTION.

A motion to dismiss for lack of personal jurisdiction challenges the legal sufficiency of the pleading, accepting as true the alleged facts.  Miami Breakers Soccer Club, Inc., v. Women's United Soccer Ass'n, 140 F.Supp.2d 1325 (S.D.Fla. 2001). A plaintiff is ultimately required to plead and prove sufficient material facts to establish a basis for personal jurisdiction in this Court. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).

Plaintiff in the instant case has not plead **ANY** material facts asserting a basis for personal jurisdiction over the Defendants.  Even if Plaintiff had attempted to plead such facts, California courts cannot exercise personal jurisdiction over either

---

[1] Ms. Banks does not own the domain name in question or have any control thereof and for that reason alone, the Complaint against her should be immediately dismissed.  See Declaration of Christopher Green; and Declaration of Ann Banks.  See also Interstellar Starship Serv., LTD v. Epix, Inc., 304 F.3d 936, 946 (9th Cir. 2002).

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1   of the Defendants as neither has the requisite contacts with the forum, nor would

2   constitutional notions of fair play and substantial justice be served.  <u>See</u> Declaration

3   of Ann Banks ("Banks Decl."), <u>see also</u> Declaration of Christopher Green ("Green

4   Decl.").

5         The Defendants may by affidavits, testimony or other documents challenge

6   the Plaintiff's jurisdictional allegations. <u>Unocal Corp.</u>, 248 F.3d at 922.  If the Court

7   finds a defendant successful in challenging the plaintiff's assertions of personal

8   jurisdiction, then the burden shifts back to plaintiff to substantiate its allegations of

9   jurisdiction.  <u>Miami Breakers Soccer Club, Inc.</u>, 140 F.Supp.2d 1325.  Plaintiff has

10  made **no allegations** of personal jurisdiction to challenge or substantiate.[2]  Even if

11  he had, he would be unable to meet his burden to substantiate such allegations.  For

12  this reason alone, the Complaint should be dismissed.  <u>See</u> <u>Unocal Corp.</u>, 248 F.3d

13  at 922 ("[i]t is the plaintiff's burden to establish the court's personal jurisdiction

14  over a defendant.").  However, Defendants have submitted affidavits sufficient to

15  challenge any allegations of personal jurisdiction which Plaintiff might conceivably

16  bring in a subsequent pleading.

17        In the unlikely event that the Court overlooks Plaintiff's otherwise fatal

18  omission of allegations concerning personal jurisdiction, the determination of

19  whether a court has personal jurisdiction over a non-resident party involves a two

20  part analysis.  <u>Amini Innovation Corp. v. JS Imports, Inc.</u>, 497 F.Supp.2d 1093,

21  1100 (C.D.Cal. 2007); <u>see also</u> <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>,

22  758 F.2d 1325, 1327 (9th Cir. 1985).  As part of this Court's two-part analysis,

23  Plaintiff must initially show that jurisdiction is appropriate under California's long-

24  arm statute.  <u>Id</u>.  California's long arm statute states that "[a] court of this state may

25  exercise jurisdiction on any basis not inconsistent with the Constitution of this state

26  or of the United States."  Cal. Code Civ. Proc. §410.10.  As California's long-arm

27

28  [2] Plaintiff has correctly alleged that the Defendants are residents of Broward County Florida.  (Plt's First Amended Complaint ("FAC") ¶1.)

1  statute extends jurisdiction to the limits of constitutional due process, "the statutory

2  and constitutional requirements merge, and the court asks only whether the exercise

3  of jurisdiction over defendant would comport with due process." <u>Amini Innovation</u>

4  <u>Corp.</u>, 497 F.Supp.2d at 1100; <u>see</u> <u>also</u> <u>Aanestad v. Beech Aircraft Corp.</u>, 521 F.2d

5  1298, 1300 (9th Cir. 1974).

6    The due process component of personal jurisdiction involves a two part

7  inquiry. <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).  In the

8  first prong, the Court must consider whether Defendants engaged in minimum

9  contacts with the State of California. <u>Id</u>.  In the second prong, the Court must

10  consider whether the exercise of personal jurisdiction over Defendants would

11  offend "traditional notions of fair play and substantial justice." <u>Id</u>.  There are two

12  recognized bases for exercising personal jurisdiction over non-residents, namely,

13  general jurisdiction and specific jurisdiction. <u>Amini Innovation Corp.</u>, 497

14  F.Supp.2d at 1100-01 (citing <u>Helicopteros Nacionales de Colombia S.A. v. Hall</u>,

15  466 U.S. 408, 414-16 (1984); and <u>Doe v. Am. Nat'l Red Cross</u>, 112 F.3d 1048 (9th

16  Cir. 1997)).

17    **A.**  **This Court Does Not Have General Jurisdiction Over Defendants**

18    General jurisdiction arises when the defendant's activities in the forum are

19  sufficiently substantial or continuous and systematic such to "approximate physical

20  presence" in the forum thereby justifying the exercise of jurisdiction over her in all

21  matters. <u>Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.</u>, 223 F.3d 1082, 1086 (9th

22  Cir. 2000).  When general jurisdiction exists, a court may exercise jurisdiction over

23  a defendant to hear any cause of action against the defendant even when such cause

24  does not arise from activities in the forum state. <u>Perkins v. Benguet Consol. Mining</u>

25  <u>Co.</u>, 342 U.S. 437, 445 (1952).

26    Factors in determining whether a defendant's contacts with the forum state

27  are continuous and systematic or substantial include whether the defendant makes

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1    sales, solicits or engages in business, serves the state's market, has designated an

2    agent for service of process, holds a license, has employees, keeps bank accounts,

3    owns property, or maintains employees in California.  Amini Innovation Corp., 497

4    F.Supp.2d at 1101-02.

5          Neither Defendant can be said to have substantial, continuous, or systematic

6    contacts with the forum.  See generally Banks Decl. and Green Decl.  Neither

7    Defendant makes sales, solicits or engages in business, serves the state's market,

8    has designated an agent for service of process, holds a license, has employees,

9    keeps bank accounts, owns property, maintains employees, or lives in California.

10   Id.

11         The extent of the Defendants' contacts with the State of California are that

12   both lived in California approximately twenty (20) years ago.  Since that time, both

13   have resided exclusively outside of the State of California, and both now reside in

14   Florida.  Id.  Since leaving California over twenty (20) years ago, Mr. Green has not

15   returned to California.  (Green Decl. ¶ 5.)  Ms. Banks has only returned to

16   California twice, once five (5) years ago and once ten (10) years ago.  (Banks Decl.

17   ¶¶ 5,6.)  Both visits to California were for short periods of time during which she

18   engaged in no business.  Id.

19         **B.     The Court Does Not Have Specific Jurisdiction Over Defendants**

20         To determine whether the district court can exercise specific jurisdiction over

21   the defendants, courts apply the following three-part test: (1) the non-resident

22   defendant must purposefully direct his activities or consummate some transaction

23   with the forum or resident thereof, or perform some act by which he purposefully

24   avails himself of the privileges of conducting activities in the forum, thereby

25   invoking the benefits and protections of its laws; (2) the claim must be one which

26   arises out of or relates to the defendant's forum-related activities; and (3) the

27   exercise of jurisdiction must comport with fair play and substantial justice, i.e. it

28   must be reasonable.  Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.,

1  328 F.3d 1122, 1129 (9th Cir. 2003) (citing Core-Vent Corp. v. Nobel Indus. AB,

2  11 F.3d 1482, 1485 (9th Cir. 1993); and Lake v. Lake, 817 F.2d 1416, 1421 (9th

3  Cir.1987)).

4         The purposeful availment prong of the minimum contacts test requires a

5  "qualitative evaluation of the defendant's contact with the forum state," Lake, 817

6  F.2d at 1421, in order to determine whether Defendants' conduct and connection

7  with the forum State are such that the Defendants should reasonably anticipate

8  being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S.

9  286, 297 (1980).  The purposeful availment requirement is met if the defendant

10  "performed some type of affirmative conduct which allows or promotes the

11  transaction of business within the forum state." Sher v. Johnson, 911 F.2d 1357,

12  1362 (9th Cir. 1990).  The "constitutional touchstone" of the minimum contacts test

13  is "whether the defendant purposefully established" contacts with the forum state.

14  Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985).  The minimum contacts test

15  is designed to protect the defendant from being forced to answer for their actions in

16  a foreign jurisdiction based on "random, fortuitous, or attenuated" contacts.  Keeton

17  v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984).

18         After it has been decided that a defendant purposefully established minimum

19  contacts with the forum (a fact that cannot be established in the instant proceeding),

20  "[the defendant] must present a compelling case that the presence of some other

21  considerations would render jurisdiction unreasonable."  Burger King, 471 U.S. at

22  477.  Under this prong, the exercise of jurisdiction will be reasonable if it does not

23  offend "traditional notions of fair play and substantial justice."  International Shoe,

24  326 U.S. at 316.

25         Because this claim arises out of the registration of a domain name, and

26  because the only conceivable contacts with California which Defendants may have

27  arise through the Internet, the question is whether the registration or maintenance of

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

- 5 -

the www.couturetoday.com domain by Defendant Green[3] constitutes purposeful availment of the privilege of doing business in California and whether the existence of that website creates such minimum contacts.  In deciding this question, the Ninth Circuit utilizes the sliding scale analysis described in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119 (W.D.Pa.1997).  See Amini Innovation Corp., 497 F.Supp.2d at 1103 (citing Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir 1997)).  The Zippo court described a sliding scale where:

> [a]t one end of the spectrum are situations where a defendant clearly does business over the Internet.  If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper.  At the opposite end are situations where a defendant simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions.  A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction.

Zippo Manufacturing Co., 952 F.Supp. at 1124.

Defendant Green sits at this "opposite end" of the spectrum which "is not grounds for the exercise [of] personal jurisdiction."  The www.couturetoday.com website which is the subject of this dispute is a passive website.  (Banks Decl. ¶ 16 and Green Decl. ¶ 14.)  The website is primarily composed of Ms. Banks' credentials and limited contact information.  Id.  The contact information provided includes a local Florida phone number and the phrase "Ann Banks can be found at: Bal Harbour Shops, Florida."  Id.  Additionally, the website contains a calendar and a clock as well as certain advertisements which are placed and controlled by Google.com.  Id.  Visitors to www.couturetoday.com cannot contact either of the Defendants directly through the website by clicking, nor can they find an email address on the website which they might use to contact them.  Id.  Visitors to www.couturetoday.com cannot enter into contracts, make purchases, exchange computer files, post comments, send emails, or engage in any other interactive

---

[3] Defendant Banks' name appears on the website because her son, Defendant Green, placed it there, and not because she has any ownership of the website.  See Banks Decl. ¶14 and Green Decl. ¶¶ 13,14.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1  activity through www.couturetoday.com.  Id.  The website therefore clearly

2  qualifies as a passive website under the Zippo analysis and should not be sufficient

3  grounds to subject the Defendants to the personal jurisdiction of California courts.

4        Plaintiff has made no allegations to support exercising personal jurisdiction

5  over the Defendants.  Even if Plaintiff had attempted to make such allegations,

6  neither Defendant has had any significant contact with the State of California for

7  approximately twenty (20) years; therefore general jurisdiction would not be

8  appropriate.  To the extent that this dispute arises from the registration of a domain

9  name, because such website is passive in nature, specific jurisdiction would not be

10  appropriate.  Plaintiff's claims are therefore fatally deficient as this Court cannot

11  exercise personal jurisdiction over either Defendant.  As such, Plaintiff's Complaint

12  should be dismissed.

13  **III.    PLAINTIFF HAS FAILED TO STATE A CLAIM.**

14        To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain

15  factual allegations that are "more than labels and conclusions" and are "enough to

16  raise a right to relief above the speculative level, on the assumption that all the

17  allegations in the complaint are true."  Bell Atlantic Corp. v. Twombly, 127 S.Ct

18  1955, 1965 (2007).  Moreover, "conclusory allegations, unwarranted deductions of

19  facts or legal conclusions masquerading as facts will not prevent dismissal."  Snow

20  v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

21        "[A] plaintiff must plead sufficient facts so that each element . . . can be

22  identified."  Municipal Utils. Bd. v. Alabama Power Co., 934 F.2d 1493, 1501

23  (11th Cir. 1991); see also Clarke v. City of Madera, 2008 WL 215099 *2 (E.D.Cal.

24  2008)("A dismissal under Fed.R.Civ.P. 12(b)(6) is proper when the complaint lacks

25  sufficient facts to support a cognizable legal theory against a defendant").

26  Although courts assume the facts alleged as true, courts do not "assume the truth of

27  legal conclusions merely because they are cast in the form of factual allegations."

28  Clarke, 2008 WL 215099 *2.  The complaint must, therefore, allege the relevant

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

facts "with some specificity." <u>GJR Inv., Inc. v. County of Escambia</u>, 132 F.3d 1359, 1367 (11th Cir.1998).  "Vague and conclusory allegations . . . are not sufficient to withstand a motion to dismiss." <u>Ivey v. Bd. of Regents of Univ. of AK</u>, 673 F.2d 266, 268 (9th Cir. 1982). "[M]ore than mere conclusory notice pleading is required . . . [A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1235 (11th Cir. 2003).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." <u>Reno</u>, 325 F.3d at 1235.  Therefore, as in this matter, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.  <u>See</u> <u>Reno</u>, 325 F.3d at 1235.

### A.    <u>Plaintiff has Failed to State a Claim under the Anticybersquatting Consumer Protection Act</u>

Plaintiff has titled its first apparent count as "first cause of action – cybersquatting" and has otherwise stated that he is seeking "relief as provided in the AntiCybersquatting Consumer Protection Act of 1999 ("ACPA")."  (FAC ¶¶1, 3.) The ACPA is codified under 15 U.S.C. § 1125(d), and states that:

> A person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and (ii) registers, traffics in, or uses a domain name that (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark; (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or (III) is a trademark, word, or name protected by reason of section 706 of title 18 or section 220506 of title 36.

15 U.S.C. § 1125(d)(A).

Therefore, to state a claim for cybersquatting the Plaintiff must allege that the Defendants had a bad faith intent to profit from Plaintiff's mark AND Plaintiff must allege either that 1) Plaintiff's alleged mark was distinctive at the time that the Defendants registered the domain; 2) Plaintiff's alleged mark was famous at the

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

time that the Defendants registered the domain; or 3) that Plaintiff's mark is protected under 18 U.S.C. § 706 or 36 U.S.C. § 220506.  Id.  See also Interstellar Starship Serv., LTD v. Epix, Inc., 304 F.3d 936, 946 (9th Cir. 2002).

Plaintiff has not plead the requisite elements required under the statute. While Plaintiff appears to have plead that the Defendants had a bad faith intent to profit from the Plaintiff's mark (albeit through conclusory statements with little or no factual support), Plaintiff has not plead the remaining elements.

Plaintiff has not plead in connection with his claim for alleged cybersquatting that at the time that Defendants allegedly registered the complained of domain name, that his alleged mark was distinctive.  In fact, Plaintiff has not in connection with his claim for alleged cybersquatting alleged that his mark is or has ever been distinctive.  Moreover, Plaintiff's clear allegations contradict any finding that might support this element.  Specifically, Plaintiff has alleged that "Defendant GREEN registered the domain name . . . on Jun (sic) 18th, 2000."  (FAC ¶15.)  However, Plaintiff makes no allegation connected with his applied-for mark dating prior to April 4, 2007.  Plaintiff's allegation regarding the supposed distinctiveness of his applied-for mark is conclusory and not supported by any factual allegations.

Plaintiff has not plead that at the time that Defendants allegedly registered the complained of domain name, that his alleged mark was famous.  Moreover, Plaintiff's clear allegations contradict any finding that might support this element. Specifically, Plaintiff has alleged that "Defendant GREEN registered the domain name . . . on Jun (sic) 18th, 2000."  (FAC ¶15.)  However, Plaintiff makes no allegation connected with his applied-for mark dating prior to April 4, 2007. Plaintiff's only allegation regarding the supposed fame of his applied-for mark is conclusory and not supported by any factual allegations.

Plaintiff has not alleged that his applied-for mark is subject to protection under 18 U.S.C. § 706 or 36 U.S.C. § 220506, nor can he (18 U.S.C. § 706 is intended to protect "the sign of the Red Cross," and 36 U.S.C. § 220506 is intended

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

to protect the trademarks of the Olympic games).

Because Plaintiff has failed to allege sufficient facts so that each element of his claim for cybersquatting can be identified, Plaintiff's claim must fail. <u>Municipal Utils. Bd.</u>, 934 F.2d at 1501 ("[A] plaintiff must plead sufficient facts so that each element . . . can be identified.").

Furthermore, Plaintiff has not properly alleged bad faith on the part of the Defendants. 15 U.S.C. § 1125(d) sets out a non-exhaustive list of factors to be considered when determining bad faith. While Plaintiff appears to have attempted to allege facts tracking the factors listed in § 1125(d), he fails to recognize that "the most important grounds for finding bad faith are 'the unique circumstances of the case, which do not fit neatly into the specific factors enumerated by Congress.'" <u>Interstellar Starship Serv.</u>, 304 F.3d at 946-47 (finding that defendant's actions did not amount to cybersquatting where defendant chose its complained-of domain name as a descriptive term and where the plaintiff had not yet established an Internet presence at the time that the defendant registered the domain)(citing <u>Virtual Works, Inc. v. Volkswagen of Am., Inc.</u>, 238 F.3d 264, 267 (4th Cir. 2001); and <u>Sporty's Farm, LLC v. Sportsman's Mkt., Inc.</u>, 2002 F.3d 489, 495 (2d Cir. 2000)). The unique circumstances of this case, even as alleged by the Plaintiff, cannot support a claim for violation of the ACPA. Specifically, Defendant Green registered the complained of domain name seven (7) years before Plaintiff took his first step towards acquisition of any rights in and to his alleged mark. (FAC, ¶¶3 and 15.)

Additionally, Plaintiff has not alleged that the Defendants have the intent to divert consumers from the Plaintiff's online location to a site accessible under the domain. Rather Plaintiff has merely stated that Defendants are "attracting consumers via their sham website by creating a likelihood of confusion with regard to Plaintiff's mark." (FAC ¶17). Notably, this allegation contains no reference to Plaintiff's online location.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1    While Plaintiff makes the conclusory allegation that the Defendants have

2    maintained material and misleading false contact information in connection with

3    maintenance or registration of the www.couturetoday.com domain, he has not

4    indicated what contact information was false or misleading, nor has he indicated

5    exactly what contact information the Defendants should have placed in the stead of

6    such unidentified "material and misleading false contact information."    Reno, 325

7    F.3d at 1235 ("[U]nsupported conclusions of law or of mixed fact and law have

8    long been recognized not to prevent a Rule 12(b)(6) dismissal.").

9    Plaintiff's allegations concerning the Defendants' "renown" as a

10   cybersquatter are ridiculous.  The statute is clear that Defendants' domains must be

11   "identical or confusingly similar to marks of others that are distinctive at the time of

12   registration of such domain names, or dilutive of famous marks of others that are

13   famous at the time of registration of such domain names."  15 U.S.C. § 1125(d).

14   However, Plaintiff has failed to identify a single distinctive or famous mark which

15   is identical or confusingly similar to any of Defendants' alleged other domains.

16   Furthermore, Plaintiff cannot identify such famous or distinctive marks because no

17   such marks exist.  This is particularly true because each of the domains listed by

18   Plaintiff are generic or descriptive terms which cannot be famous or distinctive.

19   For example, Plaintiff alleges that Defendant Green is "squatting" www.ansthesia-

20   assistant.com, www.anesthesesia-assistants.com, www.anesthesiameds.com,

21   www.anesthesianews.com, www.anesthesiawebhosting.com, www.anethesioligist-

22   assistant.com, www.anesthetist.com, www.anesthetistassistant.com.  However, the

23   Court is asked to take judicial notice (by review of common dictionaries) to confirm

24   that each of these is either generic or merely descriptive of the goods and services

25   offered or intended to be offered therewith.

26   Plaintiff's allegations that Defendants, in bad faith, offered the

27   www.couturetoday.com domain name for sale are misleading and false.

28   Defendants have not offered to sell the domain to Plaintiff.  In fact, Defendant

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

Green has never directly sold a single domain.  (Green Decl. ¶25.)  Rather, *Plaintiff contacted the Defendants in an attempt to purchase the www.couturetoday.com domain*.  (Green Decl. ¶21.)  As a result of Defendants' refusal to sell, Plaintiff resorted to threatening phone calls accusing the Defendants of illegal activities.  (Green Decl. ¶22 and FAC ¶8).  What Plaintiff fails to recognize is that when it is the Plaintiff who repeatedly seeks to buy the complained of domain, any offer for sale subsequently made is not considered to be made in bad faith.  Radio Computing Serv., Inc. v. Roland Computing Serv., 2003 WL 1107443, *2 (S.D.N.Y. 2003).

The final factor, namely, the extent to which the mark incorporated in the Defendants' domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section, weighs in Defendants' favor.  Plaintiff has not made any factual allegations that its mark is famous or distinctive and cannot.  Furthermore, Plaintiff's alleged mark is weak.  Specifically, Plaintiff's alleged mark is composed of the descriptive term "couture" followed by the descriptive term "today."  In fact, Plaintiff was required to file a disclaimer along with his federal trademark application stating that "no claim is made to the exclusive right to use 'couture' apart from the mark as shown."  See Exhibit A.

**B.     Plaintiff's "Second Cause of Action" Constitutes a "Shotgun Pleading"**

Rule 10(b) of the Federal Rules of Civil Procedure clearly states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence and each defense other than a denial must be stated in a separate count or defense."  Fed.R.Civ.P. 10(b).  Failure to so do may result in what has been described as a "shotgun pleading."  See Lockheed Martin Corp. v. Boeing Co., 314 F.Supp.2d 1198, 1207 (M.D.Fla. 2004)("One typical feature of a shotgun pleading is

incorporation of the same lengthy allegations into each claim alleged, which makes it difficult 'to know which allegations of fact are intended to support which claim(s) for relief.'").

Plaintiff has failed to comply with this standard.  For example, Plaintiff has failed to separate or otherwise label any of his claims as an individual count.  Fed.R.Civ.P. 10(b).  Plaintiff has not set out any factual background for his claims beyond mere conclusory statements.  Reno, 325 F.3d at 1235.  Plaintiff makes no attempt to separate what appear to be claims for trademark infringement and dilution into individual causes of action or claims.  Plaintiff's claims, as set out, make it difficult to know exactly which facts are intended to support which claim for relief and should therefore be dismissed as shotgun pleading.  Lockheed Martin Corp., 314 F.Supp.2d at 1207.  For example, Plaintiff's second cause of action is titled "trademark infringement and dilution of marks."  (D.E. 3).  However, these are two separate and distinct causes of action.

Trademark infringement is codified under 15 U.S.C. § 1114(1)(a) which states that:

> Any person who shall, without the consent of the **registrant** (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of **a registered mark** in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the **registrant** for the remedies hereinafter provided. Under subsection (b) hereof, the **registrant** shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1)(a) (emphasis added).

> However, dilution is codified under 15 U.S.C. § 1125(c) which states that:
> **The owner of a famous mark shall be entitled**, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection. **In determining whether a mark is distinctive and famous, a court may consider factors such as, but not limited to** (A) the degree of inherent or acquired distinctiveness of the mark; (B) the duration and

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

extent of use of the mark in connection with the goods or services with which the mark is used; (C) the duration and extent of advertising and publicity of the mark; (D) the geographical extent of the trading area in which the mark is used; (E) the channels of trade for the goods or services with which the mark is used; (F) the degree of recognition of the mark in the trading areas and channels of trade used by the marks' owner and the person against whom the injunction is sought; (G) the nature and extent of use of the same or similar marks by third parties; and (H) whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

15 U.S.C. § 1125(c) (emphasis added).

Plaintiff has failed to recognize that infringement and dilution are separate causes of action with separate elements (as spelled out above) which must be plead separately and which must be supported by individual factual allegations. Failure to plead with such specificity results in a shotgun pleading which does not meet the requirements of Fed.R.Civ.P. 10. Lockheed Martin Corp., 314 F.Supp.2d at 1207. As such, Defendants request that Plaintiff's Second cause of Action be dismissed as a mere shotgun pleading which does not comply with the pleading standard set out in Rule 10 of the Federal Rules of Civil Procedure.

In the event that the Court chooses to overlook Plaintiff's failure to comply with the requirements of Rule 10, Plaintiff has still failed to state a claim for either trademark infringement or dilution.

### C.    **Plaintiff has Failed to State a Claim under 15 U.S.C. §1114(a)**

Plaintiff stated that this is an "action for trademark infringement under the Lanham Act, 15  U.S.C. § 1051 *et seq*; 15; U.S.C. § 1114(1)(a)."  (FAC ¶1.) However, Plaintiff cannot, at this time, maintain this cause.  15 U.S.C. § 1114(1)(a) states that:

Any person who shall, without the consent of the **registrant** (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of **a registered mark** in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the **registrant** for the remedies hereinafter provided. Under subsection (b) hereof, the **registrant** shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

- 14 -

1    15 U.S.C. § 1114(1)(a) (emphasis added).

2        Unlike other sections of the Lanham Act, 15 U.S.C. § 1114 explicitly

3    protects against infringement of a "registered mark."  See Brennan's, Inc. v.

4    Brennan's Rest., LLC., 360 F.3d 125, 129-130 (2d Cir. 2004).  Plaintiff does not

5    own a registered mark for "COUTURE TODAY."

6        Plaintiff has not alleged that he holds a Federal Trademark Registration.

7    Instead, he has merely alleged to own a Trademark Application, namely, Serial No.

8    77/149,057.  (FAC ¶3.)  No substantive rights are conferred by the mere filing of a

9    federal trademark application and the applicant is entitled to no statutory

10   presumption of entitlement until the registration issues.  Hydro-Dynamics, Inc. v.

11   George Putnam & Co., Inc., 811 F.2d 1470, 1472 (Fed. Cir. 1987).  Because

12   Plaintiff does not hold a Federal Registration for the alleged mark he cannot bring a

13   claim under 15 U.S.C. § 1114(1)(a).

14       Plaintiff's apparent claim for 15 U.S.C. § 1114 must therefore be dismissed.

15   ### D.    Plaintiff has Failed to State a Claim for Dilution

16       Plaintiff has stated that this is "an action for . . . dilution under the Lanham

17   Act, 15 U.S.C. § 1125(c)."  (D.E. 3, ¶1).  15 U.S.C. § 1125(c) states that:

18   **The owner of a famous mark shall be entitled**, subject to the
     principles of equity and upon such terms as the court deems
     reasonable, to an injunction against another person's commercial use
19   in commerce of a mark or trade name, if such use begins after the mark
     has become famous and causes dilution of the distinctive quality of the
20   mark, and to obtain such other relief as is provided in this subsection.
     **In determining whether a mark is distinctive and famous, a court
21   may consider factors such as, but not limited to** (A) the degree of
     inherent or acquired distinctiveness of the mark; (B) the duration and
22   extent of use of the mark in connection with the goods or services with
     which the mark is used; (C) the duration and extent of advertising and
23   publicity of the mark; (D) the geographical extent of the trading area in
     which the mark is used; (E) the channels of trade for the goods or
24   services with which the mark is used; (F) the degree of recognition of
     the mark in the trading areas and channels of trade used by the marks'
25   owner and the person against whom the injunction is sought; (G) the
     nature and extent of use of the same or similar marks by third parties;
26   and (H) whether the mark was registered under the Act of March 3,
     1881, or the Act of February 20, 1905, or on the principal register.
27
     15 U.S.C. § 1125(c) (emphasis added).
28

- 15 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

Additionally, Plaintiff must plead and prove that:

1) The plaintiff is the owner of a mark which qualifies as a "famous" mark as measured by the totality of the eight factors listed in § 43(c)(1); 2) The defendant is making commercial use; 3) In interstate commerce; 4) Of a mark or trade name; 5) And the defendant's use began after the plaintiff's mark became famous; 6) And defendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods or services.

J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, § 24:89.

Plaintiff has not made any allegation of fact sufficient to justify his claim that his alleged mark is a "famous" mark. Reno, 325 F.3d at 1235 ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). Plaintiff has not plead any factual allegation to support a finding that his alleged mark is inherently distinctive or that it has somehow acquired such distinctiveness. Id. Plaintiff has not alleged long and continuous use of his alleged mark. In fact, Plaintiff's Trademark Application is based on a mere intent to use, and not actual use in commerce. See Exhibit A. Plaintiff has made no allegation regarding the duration and extent of advertising and publicity of the mark. The Plaintiff has made no allegations regarding the geographical extent of the alleged trading area in which the mark is used. Plaintiff has made no allegations about the channels of trade through which the mark is used or distributed. Plaintiff has made no allegations regarding the degree of recognition of the mark in the trading areas and channels of trade. Plaintiff has made no allegations that there is no third party use of the alleged mark or of similar marks. Plaintiff's allegations of fame and distinctiveness are vague and conclusory not supported by any factual allegations and are not sufficient to overcome a motion to dismiss. Reno, 325 F.3d at 1235.

Plaintiff has not made any allegation of fact that the Defendants are making commercial use, in interstate commerce, of a mark or trade name. In fact, Plaintiff has claimed that any use that the Defendants may ultimately claim is mere sham use. (FAC ¶26.)

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

Plaintiff has not made any factual allegation that the Defendants' use of the www.couturetoday.com domain began after the Plaintiff's alleged mark became famous. Additionally, Plaintiff admits that Defendants' complained of act commenced on June 18, 2000, while Plaintiff's first act in connection with his allegedly famous mark took place on April 4, 2007. (FAC ¶¶3 and 15.)

Because Plaintiff has failed to allege sufficient facts so that each element of his claim for dilution can be identified, Plaintiff's claim must fail. <u>Municipal Utils. Bd.</u>, 934 F.2d at 1501 ("[A] plaintiff must plead sufficient facts so that each element . . . can be identified.").

It is clear that Plaintiff has failed to allege, with sufficient specificity, facts sufficient to identify the elements of the claims brought against the Defendants. Plaintiff's Complaint should therefore be dismissed.

## IV.    <u>VENUE IS NOT PROPER IN THE SOUTHERN DISTRICT OF CALIFORNIA</u>

Even if personal jurisdiction is proper in this case (which it is not), jurisdiction and venue are separate questions. <u>Woodke v. Dahm</u>, 873 F.Supp. 179, 196 (N.D.Iowa 1995) (citing <u>Noxell Corp. v. Firehoure No. 1 Bar-B-Que Restaurant</u>, 760 F.2d 312, 315 (D.C.Cir 1985) for the proposition that "[a] plaintiff who establishes jurisdiction over the defendant's person must additionally meet venue specifications.")).

Plaintiff has failed to allege how or why venue is proper in this District. Because Plaintiff's claim appears to be founded on federal question jurisdiction, venue is governed by 28 U.S.C. §1391(b) which states that:

> a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions give rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

No Defendant resides or can be found in the Southern District of California, and venue would be proper in the Southern District of Florida.  ( Banks Decl. ¶ 2 and Green Decl. ¶ 2.)  Therefore, venue cannot be appropriate under either 28 U.S.C. §1391(b)(1) or 28 U.S.C. §1391(b)(3).  Similarly, no part, much less "a substantial part," of the events giving rise to the claim occurred in this District, nor is the property which is the subject of this action situated in the District.

In defining "a substantial part of the events or omissions giving rise to the claim" "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough.  Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."  Woodke, 873 F.Supp. at 197 (citing Cottonman Transmission Sys., Inc. v. Martino, 36 F.3d 291 (3d Cir. 1994)).  Additionally:

> [i]n most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial. In light of the amendment to § 1391, the Third Circuit Court of Appeals stated that [a]lthough the statute no longer requires a court to select the "best" forum, the weighing of "substantial" may at times seem to take on that flavor.

Woodke, 873 F.Supp.at 197-98 (citing LeRoy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979); and Setco Enters. v. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994)).

In a case involving allegations of violation of the Anticybersquatting Consumer Protection Act, and unfair competition under the Lanham Act, "the district in which a deceived customer buys defendant's product in the belief that he is buying plaintiff's provides a proper venue" under 28 U.S.C. §1391(b)(2).  Brush Creek Trading Co. v. Zoes, 2006 WL 1169577, *2 (W.D.Tex. 2006).  While in the Brush Creek Trading case the district court ultimately held that venue was proper, this determination was arrived at because "Defendant admittedly markets, advertises, and sells his allegedly knock-off products in this district.  Defendant's interactive website was accessible in the [district]."  Id.  The same cannot be said of

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

the instant action.  The Defendants do not operate an interactive website, do not

target consumers in this District, and have made no sales in this district.  (Banks

Decl. ¶¶ 16-18 and Green Decl. ¶¶ 14-16.)

Because no Defendant resides in this District, because venue would be proper

in the Southern District of Florida, and because no substantial portion of the acts

complained of occurred in this District, venue in the Southern District of California

is not proper and the Complaint must be dismissed.

## V.   <u>ALTERNATIVE MOTION TO TRANSFER</u>

While the Defendants believe that this case should be dismissed for all the

reasons already articulated, in the event that the Court chooses not to dismiss this

action Defendants request that this case be transferred to the Southern District of

Florida.

28 USC §1404(a) sets forth that "[f]or the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it may have been brought."

District courts have discretion to decide motions for transfer according to an

"individualized, case-by-case consideration of convenience and fairness."  <u>Jones v.</u>

<u>GNC Franchising, Inc.</u>, 211 F.3d 495 498 (9th Cir. 2000).  The following factors

may be relevant in assessing a motion to transfer venue:

> (1) the location where the relevant agreements were negotiated and
> executed, (2) the state that is most familiar with the governing law, (3)
> the plaintiff's choice of forum, (4) the respective parties' contacts with
> the forum, (5) the contacts relating to the plaintiff's cause of action in
> the chosen forum, (6) the differences in the costs of litigation in the
> two forums, (7) the availability of compulsory process to compel
> attendance of unwilling non-party witnesses, and (8) the ease of access
> to sources of proof.

<u>Id</u>. at 498-99.

The **first factor**, namely the location where the relevant agreement was

negotiated, is not relevant to the instant motion as the parties have not negotiated or

entered in to any relevant agreements.  (Banks Decl. ¶ 8and Green Decl. ¶ 7.)

- 19 -

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1    The **second factor**, namely the state that is most familiar with the governing

2   law, is a neutral factor not weighing in favor of or against transfer.  It can be

3   reasonably assumed that Federal District Courts in California and Federal District

4   Courts in Florida are equally well versed in trademark law.

5    The **third factor**, namely Plaintiff's choice of forum, is at first blush a factor

6   which weighs against transfer.  However, it is clear that Plaintiff chose this forum

7   for a home court advantage thus forcing Defendants to defend in a far away court.

8    The **fourth factor**, namely the respective parties' contacts with the forum,

9   must weigh in favor of the Defendants and transfer.  Defendants do not reside in

10  this district or even in the State of California, they do not own property in the

11  forum, they do not conduct business in the forum, and they have no other

12  substantive contacts that would support continuing this matter in the Southern

13  District of California. (Banks Decl. ¶¶ 4-13 and Green Decl. ¶¶ 4, 12-17.)

14   The **fifth factor**, namely the contacts relating to Plaintiff's cause of action in

15  the chosen forum, weighs in favor of the Defendants and transfer.  Defendants do

16  not conduct business in the forum, do not advertise in the forum, and do not solicit

17  business in the forum.  (Banks Decl. ¶ 8 and Green Decl. ¶ 7.)Essentially, there are

18  no substantive contacts with the forum which relate to Plaintiff's cause of action.

19   The **sixth factor**, namely the difference in the costs of litigation in the two

20  forums, weighs in favor of the Defendants and transfer.  Defendants are not aware

21  of any witnesses, besides the Plaintiff, who reside in the forum.  Defendants' homes

22  are in the Southern District of Florida, they work in the Southern District of Florida,

23  any evidence relating to their alleged activities would be located in the Southern

24  District of Florida, and Defendants' witnesses are located in the Southern District of

25  Florida.[4]  Plaintiff will therefore ultimately be forced to travel to the Southern

26  District of Florida whether or not this action continues in the Southern District of

27

28

---

[4] Defendants will submit their witness list to the Plaintiff together with their Initial Disclosures in the unlikely event that this Court finds that personal jurisdiction is proper in California.

California to depose these witnesses and the Defendants. At worst, this factor is neutral and does not favor either the Plaintiff or the Defendants. At best, the costs of this litigation will be lessened by transfer to the Southern District of Florida by having the dispute proceed in the district in which the majority of the witnesses and evidence are located.

The **seventh factor**, namely the availability of compulsory process to compel attendance of unwilling non-party witnesses, weighs in favor of the Defendants and transfer. All non-party witnesses whom the Defendants are currently aware of reside in the Southern District of Florida, such as local friends and family willing to attest to the Defendants' good name (rebutting Plaintiff's allegations of bad faith) and Defendants' Florida residency. In the event that Plaintiff seeks to compel the attendance of such non-party witnesses, such would have to be accomplished by a court within one hundred (100) miles of that witness' residence or place of employment. Fed.R.Civ.P. 45(c)(3)(ii). As the non-party witnesses known by the Defendants to exist reside in the same district which the Defendants seek to have this action transferred to, it would serve the interests of judicial economy to transfer this action to the Southern District of Florida.

The **eighth factor**, namely the ease of access to source of proof, weighs in favor of the Defendants and transfer. As already stated, all non-party witnesses and evidence which the Defendants are currently aware of can be found in the Southern District of Florida, and not in California.

For all the reasons stated above, Defendants believe that transfer of the instant action to the Southern District of Florida would be appropriate, in the unlikely event that this Court does not dismiss the action in its entirety.

## VI.    <u>CONCLUSION</u>

Plaintiff's Complaint cannot survive the instant motion. Personal jurisdiction cannot be exercised over either Defendant in California. Plaintiff has failed to meet the pleading standard described in Rule 10. Plaintiff has failed to state a claim

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1    upon which relief can be granted.  Venue is not proper in the Southern District of

2    California.

3        WHEREFORE, Defendants respectfully request that the Court grant this

4    Motion to Dismiss and that Plaintiff be allowed no relief in connection with his

5    Complaint.  Alternatively, Defendants respectfully request that this action be

6    transferred to the Southern District of Florida for further proceedings.

7

8    DATED: February 27, 2008                   By: /s/  Gretchen D. Stockdale

                                                      GRETCHEN D. STOCKDALE

9

10                                               **HILL, FARRER & BURRILL LLP**
                                                  G. CRESSWELL TEMPLETON III
                                                  GRETCHEN D. STOCKDALE

11

12                                               **ROTHSTEIN ROSENFELDT**
                                                  **ADLER**
                                                  FRANK HERRERA

13                                                GUSTAVO SARDINA

14                                               Attorneys for Defendants ANN BANKS
                                                  and CHRISTOPHER GREEN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 22 -

# <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.  BACKGROUND ........................................................................................... 1

II.  THIS COURT LACKS PERSONAL JURISDICTION. ............................... 1

    A.  This Court Does Not Have General Jurisdiction Over
        Defendants ........................................................................................ 3

    B.  The Court Does Not Have Specific Jurisdiction Over
        Defendants ........................................................................................ 4

III.  PLAINTIFF HAS FAILED TO STATE A CLAIM. ................................... 7

    A.  Plaintiff has Failed to State a Claim under the
        Anticybersquatting Consumer Protection Act ................................... 8

    B.  Plaintiff's "Second Cause of Action" Constitutes a "Shotgun
        Pleading" ......................................................................................... 12

    C.  Plaintiff has Failed to State a Claim under 15 U.S.C. §1114(a) ......... 14

    D.  Plaintiff has Failed to State a Claim for Dilution .............................. 15

IV.  VENUE IS NOT PROPER IN THE SOUTHERN DISTRICT OF
     CALIFORNIA ............................................................................................ 17

V.  ALTERNATIVE MOTION TO TRANSFER ............................................. 19

VI.  CONCLUSION ......................................................................................... 21

# TABLE OF AUTHORITIES

**Page**

**Cases**

Aanestad v. Beech Aircraft Corp.
521 F.2d 1298, 1300 (9th Cir. 1974) ................................................ 3

Amini Innovation Corp. v. JS Imports, Inc. 497 F.Supp.2d 1093, 1100
(C.D.Cal. 2007) ......................................................................... 2, 3, 4, 6

Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.
223 F.3d 1082, 1086 (9th Cir. 2000) ................................................ 3

Bell Atlantic Corp. v. Twombly
127 S.Ct 1955, 1965 (2007) ............................................................... 7

Brennan's, Inc. v. Brennan's Rest., LLC.
360 F.3d 125, 129-130 (2d Cir. 2004) ............................................. 15

Brush Creek Trading Co. v. Zoes
2006 WL 1169577 ............................................................................. 18

Burger King v. Rudzewicz
471 U.S. 462, 475 (1985) ................................................................... 5

Clarke v. City of Madera
2008 WL 215099 *2 (E.D.Cal. 2008) ................................................ 7

Core-Vent Corp. v. Nobel Indus. AB
11 F.3d 1482, 1485 (9th Cir. 1993) ................................................... 5

Cottonman Transmission Sys., Inc. v. Martino
36 F.3d 291 (3d Cir. 1994) .............................................................. 18

Cybersell, Inc. v. Cybersell, Inc.
130 F.3d 414, 418 (9th Cir 1997) ..................................................... 6

Doe v. Am. Nat'l Red Cross
112 F.3d 1048 (9th Cir. 1997) ........................................................... 3

Doe v. Unocal Corp.
248 F.3d 915, 922 (9th Cir. 2001) ..................................................... 1

GJR Inv., Inc. v. County of Escambia
132 F.3d 1359, 1367 (11th Cir.1998) ................................................ 8

Gonzalez v. Reno
25 F.3d 1228, 1235 (11th Cir. 2003) ................................................. 8

Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.
328 F.3d 1122, 1129 (9th Cir. 2003) ................................................. 5

Helicopteros Nacionales de Colombia S.A. v. Hall
466 U.S. 408, 414-16 (1984) ............................................................. 3

Hydro-Dynamics, Inc. v. George Putnam & Co., Inc.
811 F.2d 1470, 1472 (Fed. Cir. 1987) ............................................. 15

International Shoe Co. v. Washington
326 U.S. 310, 316 (1945) ............................................................... 3, 5

Interstellar Starship Serv., LTD v. Epix, Inc. 304 F.3d 936, 946 (9th

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES
## (continued)

Page

Cir. 2002)...................................................................................9, 10

Ivey v. Bd. of Regents of Univ. of AK
    673 F.2d 266, 268 (9th Cir. 1982)....................................................8

Jones v. GNC Franchising, Inc.
    211 F.3d 495 498 (9th Cir. 2000)...................................................19

Keeton v. Hustler Magazine, Inc.
    465 U.S. 770, 774 (1984) ................................................................5

Lake v. Lake
    817 F.2d 1416, 1421 (9th Cir.1987).................................................5

LeRoy v. Great W. United Corp.
    443 U.S. 173, 183-84 (1979).........................................................18

Lockheed Martin Corp. v. Boeing Co.
    314 F.Supp.2d 1198, 1207 (M.D.Fla. 2004) ........................12, 13, 14

Miami Breakers Soccer Club, Inc., v. Women's United Soccer Ass'n,
    140 F.Supp.2d 1325 (S.D.Fla. 2001) ...........................................1, 2

Municipal Utils. Bd. v. Alabama Power Co.
    934 F.2d 1493, 1501 (11th Cir. 1991)..............................7, 10, 17

Noxell Corp. v. Firehoure No. 1 Bar-B-Que Restaurant
    760 F.2d 312, 315 (D.C.Cir 1985) .................................................17

Pacific Atlantic Trading Co. v. M/V Main Express
    758 F.2d 1325, 1327 (9th Cir. 1985) ................................................2

Perkins v. Benguet Consol. Mining Co.
    342 U.S. 437, 445 (1952) ................................................................3

Radio Computing Serv., Inc. v. Roland Computing Serv.
    2003 WL 1107443, *2 (S.D.N.Y. 2003) .......................................12

Setco Enters. v. Robbins
    19 F.3d 1278, 1281 (8th Cir. 1994)................................................18

Sher v. Johnson
    911 F.2d 1357, 1362 (9th Cir. 1990)................................................5

Snow v. DirecTV, Inc.
    450 F.3d 1314, 1320 (11th Cir. 2006).............................................7

Sporty's Farm, LLC v. Sportsman's Mkt., Inc. 2002 F.3d 489, 495 (2d
    Cir. 2000)......................................................................................10

Virtual Works, Inc. v. Volkswagen of Am., Inc.
    238 F.3d 264, 267 (4th Cir. 2001)..................................................10

Woodke v. Dahm
    873 F.Supp. 179, 196 (N.D.Iowa 1995) ...................................17, 18

World-Wide Volkswagen Corp. v. Woodson 444 U.S. 286, 297 (1980).................5

Zippo Mfg. Co. v. Zippo Dot Com, Inc.
    952 F.Supp. 1119 (W.D.Pa.1997) ...............................................6, 7

# TABLE OF AUTHORITIES
## (continued)

**Page**

**Statutes**

15 U.S.C. § 1114(1)(a) ...............................................................13, 14, 15

15 U.S.C. § 1125(c) .................................................................13, 14, 15

28 U.S.C. §1391(b).......................................................................17, 18

28 U.S.C. §1391(b)(3) ........................................................................ 18

28 USC §1404(a) ............................................................................... 19

Cal. Code Civ. Proc. §410.10 ............................................................... 2

Fed.R.Civ.P. 10......................................................................12, 13, 14

Fed.R.Civ.P. 12(b)(6) ..........................................................7, 11, 16

Fed.R.Civ.P. 45(c)(3)(ii) ................................................................... 21

Federal Rules of Civil Procedure Rule 10(b) ...................................... 12


**Other Authorities**

15 U.S.C. § 1125(d)..................................................................8, 10, 11

18 U.S.C. § 706 or 36 U.S.C. § 220506 .................................................9

AntiCybersquatting Consumer Protection Act of 1999 ("ACPA") .........8

McCarthy on Trademarks and Unfair Competition, § 24:89 ............... 16

HFB 785724.1 B0969002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW