1  **HILL, FARRER & BURRILL LLP**
   Gretchen D. Stockdale (Bar No. 221867)
2       *email:  gstockdale@hillfarrer.com*
   300 South Grand Ave
3  37th Floor - One California Plaza
   Los Angeles, CA 90071-3147
4  Telephone:  (213) 620-0460
   Facsimile:  (213) 624-4840
5
   **ROTHSTEIN ROSENFELDT ADLER**
6  Frank Herrera (*pro hac vice* pending)
        *email: fherrera@rra-law.com*
7  Gustavo Sardiña (*pro hac vice* pending)
        *email: gsardina@rra-law.com*
8  401 East Las Olas Boulevard, Suite 1650
   Fort Lauderdale, Florida 33301
9  Telephone: (954) 522-3456
   Facsimile: (954) 527-8663
10
   Attorneys for Defendants ANN BANKS,
11 CHRISTOPHER GREEN and ANESTA WEB,
   INC.
12

13           UNITED STATES DISTRICT COURT

14         SOUTHERN DISTRICT OF CALIFORNIA

15
   JOSEPH EDWARD PAGE, an          )  Case No. 07-CV-02254 JM (BLMx)
16 individual,                     )
                                   )  **DEFENDANT'S NOTICE OF**
17              Plaintiff,         )  **MOTION AND MOTION TO SET**
                                   )  **ASIDE DEFAULT, MOTION TO**
18     v.                          )  **DISMISS AND/OR MOTION TO**
                                   )  **TRANSFER [FRCP 55(c), 10(b),**
19 ANN BANKS, an individual;       )  **12(b)(2), 12(b)(3) AND 12(b)(6)]**
   CHRISTOPHER GREEN, an           )
20 individual; ANESTA WEB, INC., a )  Date:      April 25, 2008
   Florida Corporation and ROES 1-10, )  Time:      1:30 p.m.
21                                 )  Ctrm:      16
              Defendants.          )  Judge:     Hon. Jeffrey T. Miller
22                                 )
                                   )
23                                 )  **NO ORAL ARGUMENT**
                                   )  **REQUESTED**
24 _____ )

25     TO:   PLAINTIFF JOSEPH EDWARD PAGE, IN PRO PER:

26     PLEASE TAKE NOTICE that on April 25, 2008 at 1:30 p.m., or as soon

27 thereafter as the matter may be heard, in Courtroom 16 of the United States District

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

Court of the Southern District of California, located at 325 W. F Street, San Diego, CA 92101, Defendant, Anesta Web, Inc. (hereinafter "Anesta Web" or "Defendant") will and hereby does move this Court to Set Aside Clerk's Default pursuant to Fed.R.Civ.P. 55(c), and pursuant to Fed.R.Civ.P. 10(b), 12(b)(2), 12(b)(3), and 12(b)(6) will and hereby does move this Court in the alternative to dismiss the First Amended Complaint of Plaintiff Joseph Edward Page pursuant to Federal Rule of Civil Procedure 10(b), 12(b)(2), 12(b)(3), and 12(b)(6).

This motion is made on several grounds, namely, Anesta Web has not been properly served with process under applicable Florida law.[1]  Therefore, Clerk's default entered March 20, 2008 (D.E. 14) should be set aside, and Anesta Web should not be required to answer or otherwise respond to the First Amended Complaint until it is properly served with process.  The alternative motions are made on the grounds of lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and as a "shotgun pleading."

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, and the exhibits attached hereto, the papers and pleadings on file in this action and all matters of which this Court may take judicial notice.

Pursuant to Local Rule 7.1(d)(2), Defendant is willing to submit this motion for decision by the Court without oral argument and thus Defendant hereby waives such oral argument.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

---

[1]  Anesta Web may be willing to waive service pursuant to Rule 4(d), however, at this time Plaintiff has not requested that Anesta Web so waive.

07-CV-02254 DEFENDANTS' MOTION TO SET ASIDE
DEFAULT, MOTION TO DISMISS, ETC

1   DATED: March 24, 2008

2

3

By: /s/ Gretchen D. Stockdale
_____
  GRETCHEN D. STOCKDALE
**HILL, FARRER & BURRILL LLP**
GRETCHEN D. STOCKDALE

4   **ROTHSTEIN ROSENFELDT ADLER**
FRANK HERRERA
GUSTAVO SARDINA

5

6

7   Attorneys for Defendants ANN BANKS
CHRISTOPHER GREEN and ANESTA
WEB, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1

# **TABLE OF CONTENTS**

**Page**

BACKGROUND ....................................................................................... 1

MEMORANDUM OF LAW MOTION TO SET ASIDE DEFAULT ........... 2

ALTERNATIVE MOTIONS TO DISMISS ................................................ 6

No Personal Jurisdiction ........................................................................ 6

Failure to State a Claim Upon Which Relief Can be Granted. ....................... 7

Plaintiff has Failed to State a Claim under the Anticybersquatting
  Consumer Protection Act ..................................................................... 8

Plaintiff's "Second Cause of Action" Constitutes a "Shotgun Pleading" ..... 14

Plaintiff has Failed to State a Claim under 15 U.S.C. §1114(a) ................. 16

Plaintiff has Failed to State a Claim for Dilution ...................................... 17

VENUE IS NOT PROPER IN THE SOUTHERN DISTRICT OF
CALIFORNIA ....................................................................................... 19

ALTERNATIVE MOTION TO TRANSFER ............................................. 21

CONCLUSION ...................................................................................... 21

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

## Cases

5

Bell Atlantic Corp. v. Twombly
6
127 S.Ct 1955, 1965 (2007) ........................................................................ 7

7
Brennan's, Inc. v. Brennan's Rest., LLC.
360 F.3d 125, 129-130 (2d Cir. 2004) ...................................................... 16

8
Brush Creek Trading Co. v. Zoes
2006 WL 1169577, *2 (W.D.Tex. 2006) ................................................... 20

9
Clarke v. City of Madera
2008 WL 215099 *2 (E.D.Cal. 2008) .......................................................... 7

10
Competative Technologies, Inc. v. Benjamin Marcovitch
11
2008 U.S. Dist. LEXIS 2202 (D.Conn. 2008) ............................................. 3

12
Cottonman Transmission Sys., Inc. v. Martino
36 F.3d 291 (3d Cir. 1994) ........................................................................ 20

13
Doe v. Unocal Corp.
248 F.3d 915, 922 (9th Cir. 2001) ........................................................... 6, 7

14
Garcia v. Airport Book & Video, Inc.
2007 U.S. Dist. LEXIS 85263, *9 (S.D.Fla.2007) ..................................... 2, 4

15
GJR Investments, Inc. v. County of Escambia
16
132 F.3d 1359, 1367 (11th Cir.1998) .......................................................... 8

17
Gonzalez v. Reno
325 F.3d 1228, 1235 (11th Cir. 2003) .......................................................... 8

18
Hydro-Dynamics, Inc. v. George Putnam & Co., Inc.
811 F.2d 1470, 1472 (Fed. Cir. 1987) .................................................. 10, 17

19
Interstellar Starship Services, LTD v. Epix, Inc.
304 F.3d 936, 946 (9th Cir. 2002) ......................................................... 9, 11

20
Ivey v. Board of regents of University of Alaska
21
673 F.2d 266, 268 (9th Cir. 1982) ............................................................... 8

22
LeRoy v. Great W. United Corp.
443 U.S. 173, 183-84 (1979) ..................................................................... 20

23
Liang v. Cal-Bay International, Inc.
2007 U.S. Dist. LEXIS 26543 (S.D.Cal. 2007) ................................... 2, 4, 5

24
Lockheed Martin Corp. v. Boeing Co.
314 F.Supp.2d 1198, 1207 (M.D.Fla. 2004) ......................................... 14, 15

25
Miami Breakers Soccer Club, Inc., v. Women's United Soccer Association
26
140 F.Supp.2d 1325 (S.D.Fla. 2001) ........................................................... 6

27
Microsoft Corp. v. Silver Eagle Computers, Inc.
2006 U.S. Dist. LEXIS 85263 ..................................................................... 4

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES
## (continued)

**Page**

Municipal Utils. Bd. v. Alabama Power Co.
934 F.2d 1493, 1501 (11th Cir. 1991) .................................................. 7, 11, 18

Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant
760 F.2d 312, 315 (D.C.Cir 1985) ..................................................... 19

Pena v. Seguros La Comercial, S.A.
770 F.2d 811, 814 (9th Cir. 1985) ...................................................... 4

Radio Computing Services, Inc. v. Roland Computing Services
2003 WL 1107443, *2 (S.D.N.Y. 2003) .............................................. 13

Setco Enters. V. Robbins
19 F.3d 1278, 1281 (8th Cir. 1994) ..................................................... 20

Smith v. Van Dyk
2008 U.S. Dist. LEXIS 4053 (E.D.Cal. 2008) ..................................... 2

Snow v. DirecTV, Inc.
450 F.3d 1314, 1320 (11th Cir. 2006) ................................................. 7

Sporty's Farm, LLC v. Sportsman's Market, Inc.
2002 F.3d 489, 495 (2d Cir. 2000) ...................................................... 11

Systems Signs Supplies v. U.S. Department of Justice
903 F.2d 1011, 1013 (5th Cir. 1990) ................................................... 2

TCI Group Life Ins. Plan v. Knoebber
244 F.3d 691, 697 (9th Cir. 2001) ...................................................... 4

TS Production, LLC v. Leadracer.com, Inc.
2007 U.S. Dist. LEXIS 88525 (M.D.Fla. 2007) .................................. 3

Virtual Works, Inc. v. Volkswagen of America, Inc.
238 F.3d 264, 267 (4th Cir. 2001) ...................................................... 11

Woodke v. Dahm
873 F.Supp. 179, 196 (N.D.Iowa 1995) ........................................... 19, 20

**Statutes**

15 U.S.C. § 1114(1)(a) ............................................... 14, 15, 16, 17

15 U.S.C. § 1125(c) ................................................................. 15, 17

15 U.S.C. § 1125(d) ............................................... 8, 9, 11, 12

18 U.S.C. § 706 or 36 U.S.C. § 220506 ................................ 9, 11

28 U.S.C. §1391(b) ............................................................. 19, 20

Fed.R.Civ.P. 4(h)(1) ................................................................. 2

Federal Rules of Civil Procedure, Rule 10(b) ....................... 14

Fla.Stat. § 48.031(6) ....................................................... 1, 2, 3

Rule 12(b)(6) ........................................................ 7, 8, 12, 18

Rule 4(e)(1) ............................................................................ 2

Rule 4(h) ................................................................................. 2

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

# TABLE OF AUTHORITIES
### (continued)

**Page**

Rule 55(c) ...........................................................................................................2

Rule 60(b) ..........................................................................................................2

## Other Authorities

AntiCybersquatting Consumer Protection Act of 1999 ("ACPA") .........................8

McCarthy on Trademarks and Unfair Competition, § 24:89 ................................17

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1

**BACKGROUND**

2   On March 19, 2008 Plaintiff filed a Request for Entry of Default and Return

3 of Service asserting that service of process had been affected on Anesta Web on

4 February 26, 2008 by way of substitute on "Darren Benari as owner, PVT Mail Box

5 at the address of: 5722 S. Flamingo Road, Suite #129, Fort Lauderdale, FL 33330, a

6 private mailbox, in accordance with [Fla.Stat. §] 48.031(6)."  (D.E. 13, p.6).

7 However, such service is clearly improper and does not satisfy the statutory

8 requirements.

9   Florida Statute § 48.031(6) on which Plaintiff relies to establish service states

10 that:

11   **[i]f the ONLY address** for a person to be served, **which is**

12   **discoverable through public records, is a private mailbox,**

13   **substitute service may be made** by leaving a copy of the process with

14   the person in charge of the private mailbox, but only if the process

15   server determines that the person to be served maintains a mailbox at

16   that location.

17 Fla.Stat. § 48.031(6)(emphasis added).

18   A simple review of public records available on the Florida Department of

19 State Division of Corporations' website (www.sunbiz.org) reveals that the principal

20 address for Anesta Web, the mailing address for Anesta Web, and the address listed

21 for Anesta Web's registered agent is 4115 Wimbledon Drive, Cooper City, Florida

22 33026.   See Exhibit A.  Plaintiff's attempt to serve Anesta Web by substitute

23 service pursuant to Fla.Stat. § 48.031(6) at 5722 S. Flamingo Road, Suite #129,

24 Fort Lauderdale, FL 33330 must therefore fail.  As such, Plaintiff's Return of

25 Service must be quashed, Clerk's default should be set aside, and Anesta Web

26 should not be required to Answer or otherwise respond to the First Amended

27 Complaint until service of process is effected.

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

## MEMORANDUM OF POINTS AND AUTHORITIES
## MOTION TO SET ASIDE DEFAULT

Rule 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). Furthermore, it is appropriate to set aside default when, as in this case, the defendant was not properly served with process. Garcia v. Airport Book & Video, Inc., 2007 U.S. Dist. LEXIS 85263, *9 (S.D.Fla.2007)(setting aside default judgment where service was insufficient); Smith v. Van Dyk, 2008 U.S. Dist. LEXIS 4053 (E.D.Cal. 2008); and Liang v. Cal-Bay International, Inc., 2007 U.S. Dist. LEXIS 26543 (S.D.Cal. 2007)(setting aside default judgment where there was a question as to the sufficiency of service).

The serving party bears the burden of proof with regard to its validity or good cause for failure to effect timely service. Systems Signs Supplies v. U.S. Department of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

Rule 4(h) governs process and the service thereof upon corporations. Specifically, it allows service of process pursuant to Rule 4(e)(1), namely, "pursuant to the law of the state in which . . . the service is effected, for the service of a summons upon the defendant;" or:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent , or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

Fed.R.Civ.P. 4(h)(1).

As indicated in Plaintiff's Return of Service by the statement "SUBSTITUTE served a true copy of the Summons . . . [at] a private mailbox, in accordance with [Fla.Stat. §] 48.031(6)," Plaintiff appears to rely on service pursuant to Rule 4(e)(1), namely, the law of the state in which service is effected. (D.E. 13, p. 5).

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1   Specifically, Plaintiff is attempting to rely on the substitute service provision of

2   Fla.Stat. § 48.031(6).  However, as already set out above, Plaintiff has failed to

3   effectuate service under the clear requirement of the statute.  Fla.Stat. § 48.031(6) is

4   only available to the Plaintiff when the **only address** discoverable by searching the

5   public record is a private mailbox.  Anesta Web's primary address, as discoverable

6   through review of public records available on the Florida Department of State

7   Division of Corporations' website (www.sunbiz.org) is not the private mailbox at

8   which Plaintiff claims to have served Anesta Web.

9       Unfortunately, the undersigned's review of cases directly considering

10  Fla.Stat. § 48.031(6) reveals a dearth of authority.  Only two cases were identified

11  which directly consider service under Fla.Stat. § 48.031(6), and both are easily

12  distinguished from the instant situation.  In TS Production, LLC v. Leadracer.com,

13  Inc., 2007 U.S. Dist. LEXIS 88525 (M.D.Fla. 2007) the court found that service

14  under Fla.Stat. § 48.031(6) was proper.  However, in that case the defendant

15  challenging service of process did "not provide any alternative address that would

16  have been discoverable through public record." Id. at *4.  Anesta Web on the other

17  hand has identified an address, which is easily discoverable through a search of

18  public records available on the Florida Department of State Division of

19  Corporations' website (www.sunbiz.org).  See Exhibit A.  In Competative

20  Technologies, Inc. v. Benjamin Marcovitch, 2008 U.S. Dist. LEXIS 2202 (D.Conn.

21  2008) the court found that service under Fla.Stat. § 48.031(6) was proper.

22  However, in that case the defendant challenging service of process claimed that she

23  was not a resident of Florida and that substitute service on her in that State was not

24  proper.  Id. at *15.  However, the court accepted evidence including a recently

25  renewed Florida Driver's License listing a Florida address as proof that she was in

26  fact a resident of Florida and therefore subject to service therein.  Id.  Having

27  apparently asserted no other arguments to defeat service under Fla.Stat. §

28  48.031(6), the court denied her objection to service of process.  Id.  The defendant

- 3 -

in <u>Competative Technologies, Inc.</u>, challenging service under Fla.Stat. § 48.031(6) did not assert the defense now asserted by Anesta Web, namely, that Defendant has another address in Florida that is discoverable through the public record.  Anesta Web has such an address, namely, 4115 Wimbledon Drive, Cooper City, Florida 33026.  Therefore, substitute service under Fla.Stat. § 48.031(6) is inappropriate under the plain meaning of the statute.

In any event Florida law is clear that "[s]trict compliance with the statute is required for substitute service." <u>Microsoft Corp. v. Silver Eagle Computers, Inc.</u>, 2006 U.S. Dist. LEXIS 85263 (citing <u>Hovarth v. Aetna Life Ins. Co.</u>, 634 So.2d 240 (Fla.App.1994)); and <u>Garcia v. Airport Book & Video, Inc.</u>, 2007 U.S. Dist. LEXIS 85263, *9 (S.D.Fla.2007)(setting aside default judgment where service was insufficient).  Additionally, any doubt as to the propriety of a default is to be resolved against the party seeking default, namely the Plaintiff.  <u>Liang</u>, 2007 U.S. Dist. LEXIS 26543 *8(citing <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 697 (9th Cir. 2001) and <u>Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985)).

As Plaintiff's attempt at substitute service is not in "strict compliance with the statute," it is insufficient and cannot serve as grounds for a default judgment.

Even if service was properly made on Anesta Web, which it was not, Anesta Web asserts that good cause exists to set aside the Clerk's Default.  The good cause standard governing the lifting of default includes "whether defendant's culpable conduct led to the default, whether defendant has a meritorious defense, and whether plaintiff would suffer prejudice were the default lifted." <u>Liang</u>, 2007 U.S. Dist. LEXIS 26543 *8(citing <u>TCI Group Life Ins. Plan</u>, 244 F.3d at 696).

First, no "culpable conduct" on the part of Anesta Web led to default. Rather, Plaintiff failed to meet the statutory requirements for service of process.

Second, as set out below, Anesta Web has multiple meritorious defenses, including, but not limited to the fact that it is not subject to personal jurisdiction in

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1

2   California, and that Plaintiff does not hold a Federal Trademark Registration as

3   statutorily required for at least one of his claims.

4       Third, Plaintiff will suffer no prejudice if default is lifted.  This is so

5   primarily because this is an action seeming to arise from the registration of a certain

6   domain name.  However, by Plaintiff's own allegations Defendant Green (who has

7   already moved to dismiss), and not Anesta Web, registered the allegedly infringing

8   domain name.  (D.E. 3, ¶15).  Therefore, even if the default is not lifted, which it

9   should be, Plaintiff will not succeed in his goal, namely, the acquisition of the

10  www.couturetoday.com domain name.

11      Additionally, the court may consider

12      the substantive merits of the plaintiff's claim, the sufficiency of the
13      complaint, the amount of money at stake, the possibility of prejudice to
        the plaintiff if relief is denied, the possibility of dispute as to any
14      material facts in the case, whether default resulted from excusable
        neglect, and the 'strong public policy of the Federal Rules of Civil
15      Procedure favoring decisions on the merits.'

16  Liang, 2007 U.S. Dist. LEXIS 26543 *10(citing Eitel v. McCool, 782 F.2d 1470,

17  1471-72 (9th Cir. 1986).

18      As discussed below, Plaintiff's claims are frivolous and have no merit.[2]

19  Similarly, and as acknowledged by Plaintiff in response to Defendants Green and

20  Banks' Motion to Dismiss, Plaintiff's Complaint is deficient, and therefore lacks

21  the sufficiency required.

22      As articulated above, Plaintiff will suffer no prejudice if default is set aside.

23      As discussed in Plaintiff's response to Defendants Green and Banks' Motion

24  to Dismiss, it appears that substantial conflict and dispute exists as to the material

25  facts.  Therefore, default would be inappropriate especially considering the "strong

26  public policy of the Federal Rules of Civil Procedure favoring decisions on the

27

28

---

[2] Defendants reserve the right to move for sanctions against Plaintiff for bringing this patently frivolous
action in a clear attempt to highjack a domain name by forcing Defendants to incur legal fees beyond
the reasonable value of the domain name sought.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1  merits."

2      As discussed above, default was not entered due to any neglect on the part of

3  Anesta Web, but rather because Plaintiff requested default without having actually

4  met the statutory requirements for service of process.  In the event that the Court

5  determines that any neglect was committed by Anesta Web, such neglect was

6  excusable as it relied on the fact that it had not been served with process.

7      In any event, the strong public policy of the Federal Rules of Civil Procedure

8  favors decisions on the merits.  Therefore, default should be set aside immediately

9  to clear the way for a decision on the merits.

10      Because Plaintiff has failed to meet the statutory requirements for proper

11  service of process, and for the additional reasons set forth above, Clerk's Default

12  should be set aside.  Additionally, because Anesta Web has not been properly

13  served, it should not be required to Answer or otherwise plead in response to

14  Plaintiff's First Amended Complaint until such time as Plaintiff complies with the

15  requirements of Rule 4 and applicable statutes.

16                  **ALTERNATIVE MOTIONS TO DISMISS**

17      In the unlikely event that the Court overlooks the Plaintiff's failure to comply

18  with Rule 4's requirement that Plaintiff properly serve process on Anesta Web,

19  Anesta Web moves for dismissal of for lack of personal jurisdiction, for failure to

20  state a claim upon which relief can be granted, and for improper venue.

21                      **No Personal Jurisdiction**

22      A motion to dismiss for lack of personal jurisdiction challenges the legal

23  sufficiency of the pleading, accepting as true the alleged facts.  <u>Miami Breakers</u>

24  <u>Soccer Club, Inc., v. Women's United Soccer Association</u>, 140 F.Supp.2d 1325

25  (S.D.Fla. 2001). A plaintiff is ultimately required to plead and prove sufficient

26  material facts to establish a basis for personal jurisdiction in this Court. <u>Doe v.</u>

27  <u>Unocal Corp.</u>, 248 F.3d 915, 922 (9th Cir. 2001).

28      Plaintiff in the instant case has not plead **ANY** material facts asserting a basis

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

07-CV-02254 DEFENDANTS' MOTION TO SET ASIDE
DEFAULT, MOTION TO DISMISS, ETC

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1   for personal jurisdiction over Anesta Web, a fact that Plaintiff acknowledges in his

2   Opposition to Defendants Green and Banks' Motion to Dismiss.   (D.E. 10,

3   p.4)(euphemistically referring to the allegations of the First Amended Complaint as

4   "less than complete").  For this reason alone, the Complaint should be dismissed.

5   Unocal Corp., 248 F.3d at 922 (for the proposition that "[i]t is the plaintiff's burden

6   to establish the court's personal jurisdiction over a defendant.").

7        While Anesta Web's co-Defendants, Christopher Green and Ann Banks spent

8   considerable energy addressing the possibility that Plaintiff might attempt to once

9   again amend his Complaint in order to attempt to assert personal jurisdiction over

10  them, Anesta Web chooses at this time to rest on the fact that Plaintiff failed to

11  make a single factual allegation that could conceivably give rise to personal

12  jurisdiction.[3]   In the event that the Court grants Plaintiff's request to amend his

13  Complaint again, Anesta Web will address Plaintiff's jurisdictional allegations if

14  and when such are actually plead.

15              **Failure to State a Claim Upon Which Relief Can be Granted**

16       To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain

17  factual allegations that are "more than labels and conclusions" and are "enough to

18  raise a right to relief above the speculative level, on the assumption that all the

19  allegations in the complaint are true."   Bell Atlantic Corp. v. Twombly, 127 S.Ct

20  1955, 1965 (2007).  Moreover, "conclusory allegations, unwarranted deductions of

21  facts or legal conclusions masquerading as facts will not prevent dismissal." Snow

22  v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

23       "[A] plaintiff must plead sufficient facts so that each element . . . can be

24  identified."  Municipal Utils. Bd. v. Alabama Power Co., 934 F.2d 1493, 1501

25  (11th Cir. 1991); see also Clarke v. City of Madera, 2008 WL 215099 *2 (E.D.Cal.

26  2008)("A dismissal under Fed.R.Civ.P. 12(b)(6) is proper when the complaint lacks

27

28  _____
    [3] Plaintiff has correctly alleged that Anesta Web is "a corporation under the laws of the Sunshine State of
    Florida."  (D.E. 3, p.1 ¶1).

1   sufficient facts to support a cognizable legal theory against a defendant").

2   Although courts assume the facts alleged as true, courts do not "assume the truth of

3   legal conclusions merely because they are cast in the form of factual allegations."

4   Clarke, 2008 WL 215099 *2.  The complaint must, therefore, allege the relevant

5   facts "with some specificity." GJR Investments, Inc. v. County of Escambia, 132

6   F.3d 1359, 1367 (11th Cir.1998).  "Vague and conclusory allegations . . . are not

7   sufficient to withstand a motion to dismiss." Ivey v. Board of regents of University

8   of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "[M]ore than mere conclusory notice

9   pleading is required . . . [A] complaint will be dismissed as insufficient where the

10  allegations it contains are vague and conclusory."  Gonzalez v. Reno, 325 F.3d

11  1228, 1235 (11th Cir. 2003).  "[U]nsupported conclusions of law or of mixed fact

12  and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."

13  Reno, 325 F.3d at 1235.  Therefore, as in this matter, conclusory allegations,

14  unwarranted deductions of facts or legal conclusions masquerading as facts will not

15  prevent dismissal.  See Reno, 325 F.3d at 1235.

16  Plaintiff has Failed to State a Claim under the Anticybersquatting Consumer

17  Protection Act

18  Plaintiff has titled his first apparent count as "first cause of action –

19  cybersquatting" and has otherwise stated that he is seeking "relief as provided in the

20  AntiCybersquatting Consumer Protection Act of 1999 ("ACPA")."  (D.E. 3, ¶1).

21  The ACPA is codified under 15 U.S.C. § 1125(d), and states that:

22  A person shall be liable in a civil action by the owner of a mark,
    including a personal name which is protected as a mark under this

23  section, if, without regard to the goods or services of the parties, that
    person (i) has a bad faith intent to profit from that mark, including a

24  personal name which is protected as a mark under this section; and (ii)
    registers, traffics in, or uses a domain name that (I) in the case of a

25  mark that is distinctive at the time of registration of the domain name,
    is identical or confusingly similar to that mark; (II) in the case of a

26  famous mark that is famous at the time of registration of the domain
    name, is identical or confusingly similar to or dilutive of that mark; or

27  (III) is a trademark, word, or name protected by reason of section 706
    of title 18 or section 220506 of title 36.

28

07-CV-02254 DEFENDANTS' MOTION TO SET ASIDE
DEFAULT, MOTION TO DISMISS, ETC

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1   15 U.S.C. § 1125(d)(A).

2   Therefore, to state a claim for cybersquatting the Plaintiff must allege that the

3   Anesta Web had a bad faith intent to profit from Plaintiff's mark AND Plaintiff

4   must allege either that 1) Plaintiff's alleged mark was distinctive at the time that

5   Anesta Web registered the domain; 2) Plaintiff's alleged mark was famous at the

6   time that the Defendants registered the domain; or 3) that Plaintiff's mark is

7   protected under 18 U.S.C. § 706 or 36 U.S.C. § 220506.  Id.  See also Interstellar

8   Starship Services, LTD v. Epix, Inc., 304 F.3d 936, 946 (9th Cir. 2002).

9        Plaintiff has not plead the requisite elements required under the statute.

10  While Plaintiff appears to have plead that Anesta Web had a bad faith intent to

11  profit from the Plaintiff's mark (albeit through conclusory statements with little or

12  no factual support), Plaintiff has not plead the remaining elements.

13       Plaintiff has not plead in connection with his claim for alleged cybersquatting

14  that at the time that the allegedly infringing domain was registered, that his alleged

15  mark was distinctive.  In fact, Plaintiff has not in connection with his claim for

16  alleged cybersquatting alleged that his mark is or has ever been distinctive.

17  Moreover, Plaintiff's clear allegations contradict any finding that might support this

18  element.  Specifically, Plaintiff has alleged that "Defendant GREEN registered the

19  domain name . . . on Jun (sic) 18th, 2000."  (D.E. 3, ¶15).  However, Plaintiff makes

20  no allegation connected with his applied-for mark dating prior to April 4, 2007.

21  (D.E. 3).  In fact, the statement of use which Plaintiff filed along with his trademark

22  application for his applied-for mark includes a date of first use of August 15, 2007,

23  over seven (7) years after the allegedly infringing domain name was registered.  See

24  Exhibit B.  It is therefore entirely unclear how Plaintiff's alleged trademark was

25  distinctive at a time prior to his having even used the mark, much less seven (7)

26  years before such use is even alleged to have occurred.  Therefore, Plaintiff's

27  allegation regarding the supposed distinctiveness of his applied-for mark is at best

28  conclusory and not supported by any factual allegations.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1

2         Anticipating Plaintiff's argument (made on page 8 of his Opposition to

3     Defendants Green and Banks' Motion to Dismiss) that because he filed a trademark

4     application and because that application has not been rejected, that "the question of

5     distinctiveness is fully settled." Plaintiff is plainly wrong. Plaintiff has not alleged

6     that his trademark application has matured to registration. No substantive rights are

7     conferred by the mere filing of a federal trademark application and the applicant is

8     entitled to no statutory presumption of entitlement until the registration issues.

9     Hydro-Dynamics, Inc. v. George Putnam & Co., Inc., 811 F.2d 1470, 1472 (Fed.

10    Cir. 1987). Plaintiff made no short plain statement that his applied-for mark is

11    distinctive, and Plaintiff has not plead that he has acquired a trademark registration

12    for his applied-for mark. Therefore, for at least this reason, Plaintiff has not

13    properly plead that his applied-for trademark is now or has ever been distinctive.

14        Furthermore, Plaintiff did not plead that Anesta Web even registered the

15    allegedly infringing domain name. Rather, he alleges that "Defendant GREEN

16    registered the domain name 'couturetoday.com." (D.E. 3, ¶15).

17        Plaintiff has not plead that at the time that the allegedly infringing domain

18    name was registered that his alleged mark was famous. Moreover, Plaintiff's clear

19    allegations contradict any finding that might support this element. Specifically,

20    Plaintiff has alleged that "Defendant GREEN registered the domain name . . . on

21    Jun (sic) 18th, 2000." (D.E. 3, ¶15). However, Plaintiff makes no allegation

22    connected with his applied-for mark dating prior to April 4, 2007. (D.E. 5).

23    Plaintiff's only allegation regarding the supposed fame of his applied-for mark is

24    conclusory and not supported by any factual allegations. In fact, and as already

25    stated, Plaintiff's own statement of use filed in connection with his applied-for

26    trademark states a date of first use of August 15, 2007, over seven (7) years after

27    the allegedly infringing domain name was registered. It would defy credibility for

28    Plaintiff to assert that his applied-for mark was famous seven (7) years before he

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1    made his first alleged use in commerce.

2        Plaintiff has not alleged that his applied-for mark is subject to protection

3    under 18 U.S.C. § 706 or 36 U.S.C. § 220506, nor can he (18 U.S.C. § 706 is

4    intended to protect "the sign of the Red Cross," and 36 U.S.C. § 220506 is intended

5    to protect the trademarks of the Olympic games).

6        Because Plaintiff has failed to allege sufficient facts so that each element of

7    his claim for cybersquatting can be identified, Plaintiff's claim must fail.

8    <u>Municipal Utils. Bd.</u>, 934 F.2d at 1501 ("[A] plaintiff must plead sufficient facts so

9    that each element . . . can be identified.").

10        Furthermore, Plaintiff has not properly alleged bad faith on the part of the

11    Anesta Web.  15 U.S.C. § 1125(d) sets out a non-exhaustive list of factors to be

12    considered when determining bad faith.  While Plaintiff appears to have attempted

13    to allege facts tracking the factors listed in § 1125(d), he fails to recognize that "the

14    most important grounds for finding bad faith are 'the unique circumstances of the

15    case, which do not fit neatly into the specific factors enumerated by Congress.'"

16    <u>Interstellar Starship Services</u>, 304 F.3d at 946-47 (finding that defendant's actions

17    did not amount to cybersquatting where defendant chose its complained-of domain

18    name as a descriptive term and where the plaintiff had not yet established an

19    Internet presence at the time that the defendant registered the domain)(citing <u>Virtual</u>

20    <u>Works, Inc. v. Volkswagen of America, Inc.</u>, 238 F.3d 264, 267 (4th Cir. 2001);

21    and <u>Sporty's Farm, LLC v. Sportsman's Market, Inc.</u>, 2002 F.3d 489, 495 (2d Cir.

22    2000)).  The unique circumstances of this case, even as alleged by the Plaintiff,

23    cannot support a claim for violation of the ACPA.  Specifically, Defendant Green

24    (and not Anesta Web) registered the complained of domain name seven (7) years

25    before Plaintiff took his first step towards acquisition of any rights in and to his

26    alleged mark.  (D.E.3, ¶¶ 3 and 15).

27        Additionally, Plaintiff has not alleged that the Anesta Web has the intent to

28    divert consumers from the Plaintiff's online location to a site accessible under the

domain. Rather Plaintiff has merely stated that "Defendant GREEN and Defendant BANKS are presently engaged in attracting consumers via their sham website by creating a likelihood of confusion with regard to Plaintiff's mark." (D.E. 3, ¶17). Notably, this allegation fails to include Anesta Web. Further, this allegation contains no reference to Plaintiff's online location.

While Plaintiff makes the conclusory allegation that the Defendants have maintained material and misleading false contact information in connection with maintenance or registration of the www.couturetoday.com domain, he has not indicated what contact information was false or misleading, nor has he indicated exactly what contact information the Defendants should have placed in the stead of such unidentified "material and misleading false contact information." Reno, 325 F.3d at 1235 ("[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). In fact, by Plaintiff's clear allegations Anesta Web did not register the allegedly infringing domain name, but rather it was Defendant Green who registered the domain. Therefore, it is not clear how Anesta Web has maintained false contact information in connection with a domain that it did not register.

*Plaintiff's allegations concerning the Defendant Green's "renown" as a cybersquatter are ridiculous.* First, even if true (which it is not) Defendant Green's "renown" as a cybersquatter is not relevant to a claim against Anesta Web. Even if it were, the statute is clear that the domains must be "identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names." 15 U.S.C. § 1125(d). However, Plaintiff has failed to identify a single distinctive or famous mark which is identical or confusingly similar to any of Defendant Green's alleged other domains. Furthermore, Plaintiff cannot identify such famous or distinctive marks because no such marks exist. This is particularly true because each of the domains listed by

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

Plaintiff are generic or descriptive terms which cannot be famous or distinctive. For example, Plaintiff alleges that Defendant Green is "squatting" www.ansthesia-assistant.com, www.anesthesesia-assistants.com, www.anesthesiameds.com, www.anesthesianews.com, www.anesthesiawebhosting.com, www.anethesioligist-assistant.com, www.anesthetist.com, www.anesthetistassistant.com. However, the Court is asked to take judicial notice (by review of common dictionaries) to confirm that each of these is either generic or merely descriptive of the goods and services offered or intended to be offered therewith.

Plaintiff's allegations that Defendants, in bad faith, offered the www.couturetoday.com domain name for sale are misleading and false. Defendants have not offered to sell the domain to Plaintiff. Rather, *Plaintiff contacted the Defendants in an attempt to purchase the www.couturetoday.com domain*. See the Declaration of Christopher Green. As a result of Defendants' refusal to sell, Plaintiff resorted to threatening phone calls accusing the Defendants of illegal activities. Id. and (D.E.3, ¶8). What Plaintiff fails to recognize is that when it is the Plaintiff who repeatedly seeks to buy the complained of domain, any offer for sale subsequently made is not considered to be made in bad faith. Radio Computing Services, Inc. v. Roland Computing Services, 2003 WL 1107443, *2 (S.D.N.Y. 2003).

The final factor, namely, the extent to which the mark incorporated in the allegedly infringing domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section, weighs in Anesta Web's favor. Plaintiff has not made any factual allegations that its mark is famous or distinctive and cannot. Furthermore, Plaintiff's alleged mark is weak. Specifically, Plaintiff's alleged mark is composed of the descriptive term "couture" followed by the descriptive term "today." In fact, Plaintiff was required to file a disclaimer along with his federal trademark application stating that "no claim is made to the exclusive right to use 'couture' apart from the mark as shown." See Exhibit B.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1

2      <u>Plaintiff's "Second Cause of Action" Constitutes a "Shotgun Pleading"</u>

3              Rule 10(b) of the Federal Rules of Civil Procedure clearly states that

4      "[a] party must state its claims or defenses in numbered paragraphs,

5      each limited as far as practicable to a single set of circumstances" and

6      "[i]f doing so would promote clarity, each claim founded on a separate

7      transaction or occurrence and each defense other than a denial must be

8      stated in a separate count or defense."  Fed.R.Civ.P. 10(b).  Failure to

9      so do may result in what has been described as a "shotgun pleading."

10     <u>See</u> <u>Lockheed Martin Corp. v. Boeing Co.</u>, 314 F.Supp.2d 1198, 1207

11     (M.D.Fla. 2004)("One typical feature of a shotgun pleading is

12     incorporation of the same lengthy allegations into each claim alleged,

13     which makes it difficult 'to know which allegations of fact are

14     intended to support which claim(s) for relief.'").

15              Plaintiff has failed to comply with this standard.  For example,

16     Plaintiff has failed to separate or otherwise label any of his claims as

17     an individual count. Fed.R.Civ.P. 10(b).  Plaintiff has not set out any

18     factual background for his claims beyond mere conclusory statements.

19     <u>Reno</u>, 325 F.3d at 1235.  Plaintiff makes no attempt to separate what

20     appear to be claims for trademark infringement and dilution into

21     individual causes of action or claims.  Plaintiff's claims, as set out,

22     make it difficult to know exactly which facts are intended to support

23     which claim for relief and should therefore be dismissed as shotgun

24     pleading.   <u>Lockheed Martin Corp.</u>, 314 F.Supp.2d at 1207.   For

25     example, Plaintiff's second cause of action is titled "trademark

26     infringement and dilution of marks."  (D.E. 3).  However, these are

27     two separate and distinct causes of action.

28     Trademark infringement is codified under 15 U.S.C. § 1114(1)(a) which

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

states that:

> Any person who shall, without the consent of the **registrant** (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of **a registered mark** in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the **registrant** for the remedies hereinafter provided. Under subsection (b) hereof, the **registrant** shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114(1)(a) (emphasis added).

However, dilution is codified under 15 U.S.C. § 1125(c) which states that:

> **The owner of a famous mark shall be entitled**, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection. **In determining whether a mark is distinctive and famous, a court may consider factors such as, but not limited to** (A) the degree of inherent or acquired distinctiveness of the mark; (B) the duration and extent of use of the mark in connection with the goods or services with which the mark is used; (C) the duration and extent of advertising and publicity of the mark; (D) the geographical extent of the trading area in which the mark is used; (E) the channels of trade for the goods or services with which the mark is used; (F) the degree of recognition of the mark in the trading areas and channels of trade used by the marks' owner and the person against whom the injunction is sought; (G) the nature and extent of use of the same or similar marks by third parties; and (H) whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

15 U.S.C. § 1125(c) (emphasis added).

Plaintiff has failed to recognize that infringement and dilution are separate causes of action with separate elements (as spelled out above) which must be plead separately and which must be supported by individual factual allegations. Failure to plead with such specificity results in a shotgun pleading which does not meet the requirements of Fed.R.Civ.P. 10. Lockheed Martin Corp., 314 F.Supp.2d at 1207.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1    As such, Anesta Web requests that Plaintiff's Second Cause of

2    Action be dismissed as a mere shotgun pleading which does not

3    comply with the pleading standard set out in Rule 10 of the Federal

4    Rules of Civil Procedure.

5    In the event that the Court chooses to overlook Plaintiff's failure to

6    comply with the requirements of Rule 10, Plaintiff has still failed to

7    state a claim for either trademark infringement or dilution.

8    <u>Plaintiff has Failed to State a Claim under 15 U.S.C. §1114(a)</u>

9    Plaintiff stated that this is an "action for trademark infringement under the

10   Lanham Act, 15  U.S.C. § 1051 *et seq*; 15; U.S.C. § 1114(1)(a)."  (D.E. 3, ¶1).

11   However, Plaintiff cannot, at this time, maintain this cause.  15 U.S.C. § 1114(1)(a)

12   states that:

13   Any person who shall, without the consent of the **registrant** (a) use in
     commerce any reproduction, counterfeit, copy, or colorable imitation
14   of **a registered mark** in connection with the sale, offering for sale,
     distribution, or advertising of any goods or services on or in
15   connection with which such use is likely to cause confusion, or to
     cause mistake, or to deceive . . . shall be liable in a civil action by the
16   **registrant** for the remedies hereinafter provided. Under subsection (b)
     hereof, the **registrant** shall not be entitled to recover profits or
17   damages unless the acts have been committed with knowledge that
     such imitation is intended to be used to cause confusion, or to cause
18   mistake, or to deceive.

19   15 U.S.C. § 1114(1)(a) (emphasis added).

20   Unlike other sections of the Lanham Act, 15 U.S.C. § 1114 explicitly

21   protects against infringement of a "registered mark."   <u>See</u> <u>Brennan's, Inc. v.</u>

22   <u>Brennan's Rest., LLC.</u>, 360 F.3d 125, 129-130 (2d Cir. 2004).  Plaintiff does not

23   own a registered mark for "COUTURE TODAY."

24   Plaintiff has not alleged that he holds a Federal Trademark Registration.

25   Instead, he has merely alleged to own a Trademark Application, namely, Serial No.

26   77/149,057.  (D.E. 3, ¶3).  No substantive rights are conferred by the mere filing of

27   a federal trademark application and the applicant is entitled to no statutory

28

presumption of entitlement until the registration issues. <u>Hydro-Dynamics, Inc. v. George Putnam & Co., Inc.</u>, 811 F.2d 1470, 1472 (Fed. Cir. 1987). Because Plaintiff does not hold a Federal Registration for the alleged mark he cannot bring a claim under 15 U.S.C. § 1114(1)(a).

Plaintiff's apparent claim for 15 U.S.C. § 1114 must therefore be dismissed.

<u>Plaintiff has Failed to State a Claim for Dilution</u>

Plaintiff has stated that this is "an action for . . . dilution under the Lanham Act, 15 U.S.C. § 1125(c)." (D.E. 3, ¶1). 15 U.S.C. § 1125(c) states that:

**The owner of a famous mark shall be entitled**, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection. **In determining whether a mark is distinctive and famous, a court may consider factors such as, but not limited to** (A) the degree of inherent or acquired distinctiveness of the mark; (B) the duration and extent of use of the mark in connection with the goods or services with which the mark is used; (C) the duration and extent of advertising and publicity of the mark; (D) the geographical extent of the trading area in which the mark is used; (E) the channels of trade for the goods or services with which the mark is used; (F) the degree of recognition of the mark in the trading areas and channels of trade used by the marks' owner and the person against whom the injunction is sought; (G) the nature and extent of use of the same or similar marks by third parties; and (H) whether the mark was registered under the Act of March 3, 1881, or the Act of February 20, 1905, or on the principal register.

15 U.S.C. § 1125(c) (emphasis added).

Additionally, Plaintiff must plead and prove that:

1) The plaintiff is the owner of a mark which qualifies as a "famous" mark as measured by the totality of the eight factors listed in § 43(c)(1); 2) The defendant is making commercial use; 3) In interstate commerce; 4) Of a mark or trade name; 5) And the defendant's use began after the plaintiff's mark became famous; 6) And defendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods or services.

J. Thomas McCarthy, <u>McCarthy on Trademarks and Unfair Competition</u>, § 24:89.

Plaintiff has not made any allegation of fact sufficient to justify his claim that his alleged mark is a "famous" mark. <u>Reno</u>, 325 F.3d at 1235("[U]nsupported

07-CV-02254 DEFENDANTS' MOTION TO SET ASIDE DEFAULT, MOTION TO DISMISS, ETC

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."). Plaintiff has not plead any factual allegation to support a finding that his alleged mark is inherently distinctive or that it has somehow acquired such distinctiveness. Id. Plaintiff has not alleged long and continuous use of his alleged mark. In fact, Plaintiff's Trademark Application was based on a mere intent to use, and not actual use in commerce. See Exhibit ***. Plaintiff has made no allegation regarding the duration and extent of advertising and publicity of the mark. The Plaintiff has made no allegations regarding the geographical extent of the alleged trading area in which the mark is used. Plaintiff has made no allegations about the channels of trade through which the mark is used or distributed. Plaintiff has made no allegations regarding the degree of recognition of the mark in the trading areas and channels of trade. Plaintiff has made no allegations that there is no third party use of the alleged mark or of similar marks. Plaintiff's allegations of fame and distinctiveness are vague and conclusory not supported by any factual allegations and are not sufficient to overcome a motion to dismiss. Reno, 325 F.3d at 1235.

Plaintiff has not made any allegation of fact that Anesta Web is making commercial use, in interstate commerce, of a mark or trade name. In fact, Plaintiff has claimed that any use that the Defendants may ultimately claim is mere sham use. (D.E. 3, ¶26).

Plaintiff has not made any factual allegation that Anesta Web's "use" of the www.couturetoday.com domain began after the Plaintiff's alleged mark became famous. Additionally, Plaintiff admits that Defendants' complained of act commenced on June 18, 2000, while Plaintiff's first act in connection with his allegedly famous mark took place on April 4, 2007. (D.E. 3, ¶¶3 and 15).

Because Plaintiff has failed to allege sufficient facts so that each element of his claim for dilution can be identified, Plaintiff's claim must fail. Municipal Utils. Bd., 934 F.2d at 1501 ("[A] plaintiff must plead sufficient facts so that each

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1  element . . . can be identified.").

2

3      It is clear that Plaintiff has failed to allege, with sufficient specificity, facts

4  sufficient to identify the elements of the claims brought against Anesta Web.

5  Plaintiff's Complaint should therefore be dismissed.

6            **Venue is Not Proper in the Southern District of California.**

7      Even if personal jurisdiction is proper in this case (which it is not),

8  jurisdiction and venue are separate questions.  Woodke v. Dahm, 873 F.Supp. 179,

9  196 (N.D.Iowa 1995) (citing Noxell Corp. v. Firehoure No. 1 Bar-B-Que

10  Restaurant, 760 F.2d 312, 315 (D.C.Cir 1985) for the proposition that "[a] plaintiff

11  who establishes jurisdiction over the defendant's person must additionally meet

12  venue specifications.")).

13      Plaintiff has failed to allege how or why venue is proper in this District.

14  Because Plaintiff's claim appears to be founded on federal question jurisdiction,

15  venue is governed by 28 U.S.C. §1391(b) which states that:

16          a civil action wherein jurisdiction is not founded solely on diversity of
17          citizenship may, except as otherwise provided by law, be brought in
            (1) a judicial district where any defendant resides, if all defendants
18          reside in the same State, (2) a judicial district in which a substantial
            part of the events or omissions give rise to the claim occurred, or a
19          substantial part of property that is the subject of the action is situated,
            or (3) a judicial district in which any defendant may be found, if there
20          is no district in which the action may otherwise be brought.

21  28 U.S.C. §1391(b).

22      No Defendant resides or can be found in the Southern District of California,

23  and venue would be proper in the Southern District of Florida.  See Declaration of

24  Ann Banks, see also Declaration of Christopher Green.  Therefore, venue cannot be

25  appropriate under either 28 U.S.C. §1391(b)(1) or 28 U.S.C. §1391(b)(3).

26  Similarly, no part, much less "a substantial part," of the events giving rise to the

27  claim occurred in this District, nor is the property which is the subject of this action

28  situated in the District.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

In defining "a substantial part of the events or omissions giving rise to the claim" "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." Woodke, 873 F.Supp.at 197 (citing Cottonman Transmission Sys., Inc. v. Martino, 36 F.3d 291 (3d Cir. 1994)). Additionally:

> [i]n most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial. In light of the amendment to § 1391, the Third Circuit Court of Appeals stated that [a]lthough the statute no longer requires a court to select the "best" forum, the weighing of "substantial" may at times seem to take on that flavor.

Woodke, 873 F.Supp.at 197-98 (citing LeRoy v. Great W. United Corp., 443 U.S. 173, 183-84 (1979); and Setco Enters. V. Robbins, 19 F.3d 1278, 1281 (8th Cir. 1994)).

In a case involving allegations of violation of the Anticybersquatting Consumer Protection Act, and unfair competition under the Lanham Act, "the district in which a deceived customer buys defendant's product in the belief that he is buying plaintiff's provides a proper venue" under 28 U.S.C. §1391(b)(2). Brush Creek Trading Co. v. Zoes, 2006 WL 1169577, *2 (W.D.Tex. 2006). While in the Brush Creek Trading case the district court ultimately held that venue was proper, this determination was arrived at because "Defendant admittedly markets, advertises, and sells his allegedly knock-off products in this district. Defendant's interactive website was accessible in the [district]." Id. The same cannot be said of the instant action. Accepting all of Plaintiff's allegations as true, this action is essentially one concerning the registration of www.couturetoday.com. By Plaintiff's own admission and allegation it was Defendant Green and not Anesta Web that registered the www.couturetoday.com domain. Therefore none of Anesta Web's acts or property as alleged by Plaintiff occurred or can be found in this District.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

07-CV-02254 DEFENDANTS' MOTION TO SET ASIDE
DEFAULT, MOTION TO DISMISS, ETC

1    Because no Defendant resides in this District, because venue would be proper

2    in the Southern District of Florida, and because no substantial portion of the acts

3    complained of occurred in this District, venue in the Southern District of California

4    is not proper and the Complaint must be dismissed.

5                    **ALTERNATIVE MOTION TO TRANSFER**

6    While Anesta Web believes that this case should be dismissed for all the

7    reasons already articulated, in the event that the Court chooses not to dismiss this

8    action Anesta Web joins in its co-Defendants' Motion to Transfer to the Southern

9    District of Florida (D.E. 8), and incorporates the same as though it were included

10   herein.

11                          **CONCLUSION**

12   Despite Plaintiff's misleading filing to the contrary, Anesta Web was not

13   been properly served with process.  As such, Clerk's Default should be set aside

14   and Plaintiff's First Amended Complaint should be given no weight or

15   consideration until such time as Plaintiff complies with the Federal Rules of Civil

16   Procedure's requirement that process be served on the Defendants.  Additionally,

17   Plaintiff has failed to state a claim upon which relief should be granted, has failed

18   to make any allegations concerning personal jurisdiction, and has brought this

19   action in an improper venue.  Therefore, in the unlikely event the Court overlooks

20   Plaintiff's failure to comply with clear statutory requirements regarding service,

21   Plaintiff's Complaint should be dismissed.

22   WHEREFORE, Anesta Web respectfully request that Clerk's Default be set

23   aside.  Alternatively, that Plaintiff's Complaint be dismissed based on lack of

24   personal jurisdiction failure to state a claim upon which relief may be granted,

25   and/or improper venue.  In the alternative thereto, Anesta Web respectfully requests

26   that this action be transferred to the Southern District of Florida.

27

28

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW

1  DATED: March 24, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: /s/ Gretchen D. Stockdale

GRETCHEN D. STOCKDALE
**HILL, FARRER & BURRILL LLP**
GRETCHEN D. STOCKDALE

**ROTHSTEIN ROSENFELDT ADLER**
FRANK HERRERA
GUSTAVO SARDINA

Attorneys for Defendants ANN BANKS CHRISTOPHER GREEN and ANESTA WEB, INC.

HFB 790867.1 B0969002

07-CV-02254 DEFENDANTS' MOTION TO SET ASIDE DEFAULT, MOTION TO DISMISS, ETC