**HILL, FARRER & BURRILL LLP**
Gretchen D. Stockdale (Bar No. 221867)
    *email: gstockdale@hillfarrer.com*
300 South Grand Ave
37th Floor - One California Plaza
Los Angeles, CA 90071-3147
Telephone:  (213) 620-0460
Facsimile:  (213) 624-4840

**ROTHSTEIN ROSENFELDT ADLER**
Frank Herrera (*pro hac vice*)
    *email: fherrera@rra-law.com*
Gustavo Sardiña (*pro hac vice* pending)
    *email: gsardina@rra-law.com*
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Telephone: (954) 522-3456
Facsimile: (954) 527-8663

Attorneys for Defendants ANN BANKS,
CHRISTOPHER GREEN and ANESTA WEB, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EDWARD PAGE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ANN BANKS, an individual; CHRISTOPHER GREEN, an individual; ANESTA WEB, INC., a Florida corporation; and ROES 1-10, <br><br> Defendants. | Case No. 07-CV-02254 JM (BLMx) <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR MOTION TO TRANSFER** <br><br> Date:   April 4, 2008 <br> Time    1:30 p.m. <br> Ctrm:   16 <br> Judge:  Hon. Jeffrey T. Miller |

# REPLY MEMORANDUM[1]

Plaintiff has not, and cannot, argue his way around the blatant defects in his complaint, not the least of which is that Defendants are not subject to personal jurisdiction in California, and that Plaintiff has not alleged ownership of a trademark registration, a statutory prerequisite for at least one of his apparent causes of action.

## I. THE COURT LACKS PERSONAL JURISDICTION

Plaintiff has conceded that no action of Christopher Green or Ann Banks (collectively "Defendants") outside of any "web enterprise businesses" can give rise to personal jurisdiction in this matter. (Docket Entry ("D.E.") 10, p. 5). Therefore, it appears to be Plaintiff's position that one or more of the Defendants operates an interactive website giving rise to personal jurisdiction as set out in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D.Pa. 1997). (D.E. 10, p. 6). However, Plaintiff is mistaken.

### A. No General Jurisdiction

In his Response to Defendants' Motion to Dismiss, Plaintiff has attempted to argue that the Court can exercise general jurisdiction over the Defendants. Despite his efforts, Plaintiff has failed to show any facts which could give rise to general jurisdiction over Defendants Green and/or Banks. At best, Plaintiff has alleged that Anesta Web, Inc. has made a single sale in California for $27 through a website that is not at issue in the instant dispute. (D.E. 12). Plaintiff has failed to show, or even allege, that any Defendant has designated an agent for service of process in California, holds a license in California, has employees in California, keeps bank accounts in California, owns property in California, or is employed in California. *See generally Amini Inovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1100-02 (C.D.Cal. 2007)(stating the factors to be considered in determining whether

---

[1] Defendants note that Plaintiff's Response (D.E. 10) includes a Motion to Strike and a Motion for Leave to Amend. Defendants will respond in opposition to these Motions separately.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
37TH FLOOR - ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVE
LOS ANGELES, CALIFORNIA 90071-3147

1   07-CV-02254 REPPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AND/OR MOTION TO
TRANSFER

1   general jurisdiction is to be found).  Further, Plaintiff has made no showing that
2   either Defendant Green or Banks themselves have made any sales in California,
3   solicited or engaged in business California, or served the California market.  *Id*.
4   Rather, the "personal" acts of Defendants which Plaintiff cites to in his self-serving
5   declaration were done in Defendants' capacity as corporate officers of Anesta Web,
6   Inc., and not as individuals.  This is supported by Exhibit 8 to Plaintiff's own
7   declaration which identifies Defendant Green as the President and Chief Operating
8   Officer of Anesta Web, Inc. and Defendant Banks as the Vice President of Anesta
9   Web, Inc.  (D.E. 12, Exhibit 8).

10      Plaintiff's argument concerning general jurisdiction appears to be that
11  "Defendants' web enterprises" are sufficient to establish general jurisdiction.  In so
12  arguing Plaintiff appears to attempt to argue a *Zippo* type analysis in order to apply
13  general jurisdiction.  In so doing, Plaintiff has brought a novel, yet undecided
14  question before the Court.  That question is whether the test articulated in *Zippo* (a
15  case limited to the question of specific jurisdiction) can apply to general
16  jurisdiction.  Whether it can or not, the outcome remains the same, Defendants are
17  not subject to personal jurisdiction in California.

18      It appears that the closest that the 9th Circuit has come to ruling on this issue
19  was in *Gator.com Corp. v. L.L. Bean, Inc*., 341 F.3d 1072 (9th Cir. 2003).
20  However, that decision was vacated and no longer has the force of law.  *Gator.com*
21  *Corp. v. L.L. Bean, Inc*., 366 F.3d 789 (9th Cir. 2004); and *Gator.com Corp. v. L.L.*
22  *Bean, Inc*., 398 F.3d 1125 (9th Cir. 2005).  Subsequent District Court decisions
23  within the 9th Circuit appear to be split on the issue.  However, all appear to agree
24  that whether *Zippo* applies to the question of general jurisdiction or not, the basic
25  tenants of general jurisdiction remain, namely that the defendants must have
26  continuous and systematic contacts within the forum state sufficient to approximate
27  physical presence therein.  *Cf. Silverstein v. E360 Insight, LLC*, 2007 U.S.Dist.
28  LEXIS 57695 (C.D.Cal. 2007); *Honor Plastic Indus. Co., Ltd v. Lollicup USA, Inc*.,

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
37TH FLOOR - ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVE
LOS ANGELES, CALIFORNIA 90071-3147

2006 U.S.Dist.LEXIS 73730 (E.D.Cal. 2006); and *Coremetrics, Inc.v. Atomicpark.com, LLC*, 370 F.Supp.2d 1013 (N.D.Cal. 2005).

In *Silverstein* the district court declined to extend the *Zippo* analysis to general jurisdiction and stated that "[b]usiness transactions which are conducted via the Internet may subject the defendant to specific jurisdiction." *Silverstein*, 2007 U.S.Dist. LEXIS 57695 *12 (emphasis added).

In *Honor Plastic* the district court stated that "the possibility that a significant volume of sales to a state's residents through a defendant's website store can constitute the basis of general jurisdiction must be examined." *Honor Plastic Indus. Co., Ltd*, 2006 U.S.Dist. LEXIS 73730 *19. However, the *Honor Plastic* court ultimately determined that because the plaintiff "only demonstrated one sale for a total value of $70.50, [general] jurisdiction cannot be established solely on the basis of online sales." *Id*. at *20 (internal citations omitted).

In *Coremetrics, Inc*. the district court appears to have extended the *Zippo* analysis, at least in part, to general jurisdiction. In that case, the district court did find that the defendants were subject to personal jurisdiction in California. However, the court therein stated that "the fact that [defendant] maintains a highly interactive website by itself would not be enough to establish general jurisdiction." *Coremetrics, Inc*., 370 F.Supp.2d at 1019 (citing *Estate of Stephen Bank. v. Swiss Valley Farms, Co*., 286 F.Supp.2d 514, 518 (D.Md. 2003)("Without evidence of actual sales made to Maryland residents, it would seem that the operation of a website that merely offers the possibility of transacting cannot be characterized as anything more than advertising and solicitation, and thus is . . . insufficient for jurisdictional purposes."); and *Coastal Video Communications Corp. v. Staywell Corp.*, 59 F.Supp.2d 562, 571 (E.D.Va. 1999)("When conducting the general jurisdiction analysis, it is not enough to find that an interactive website has the potential to reach a significant percentage of the forum state's population . . . In traditional terms, the placing of a store or salesmen in a state is not sufficient to

1 confer general jurisdiction over a defendant without some evidence that the store or
2 salesmen actually generate sufficient sales in the forum state for the contact to be
3 considered continuous and systematic."). Rather, the court's decision in
4 *Coremetrics, Inc*. appears to be based in large part on the fact that the defendants
5 therein made $3.3 million in sales to California consumers. *Id.* at 1022.

6     As stated above, Plaintiff has failed to show more than a single sale (made to
7 himself for the apparent purpose of trying to concoct personal jurisdiction) by any
8 Defendant in the State of California. Therefore, Plaintiff has failed to make a
9 showing that Defendants' conduct, even assuming that the facts alleged by Plaintiff
10 are true, arise to continuous and systematic contacts sufficient to meet the high
11 standard of general jurisdiction.

12     **B.**     **No Specific Jurisdiction**

13     Plaintiff complains that "Defendants' argument [concerning specific
14 jurisdiction] only takes into account a but (sic) single web page of the entire web
15 enterprise of web sites and web pages created, served and maintained by
16 Defendants." (D.E. 10, p. 6). This argument betrays Plaintiff's misunderstanding
17 of operative law. Specific jurisdiction can be found when the claim (in this case
18 trademark infringement, dilution, and cybersquatting) arises out of or relates to the
19 Defendants' contacts with the state. *Harris Rutsky & Co. Ins. Services, Inc. v. Bell
20 & Clements Ltd*., 328 F.3d 1122, 1129 (9th Cir. 2003). By Plaintiff's own
21 allegations "[t]his action . . . aris[es] from Defendant's unauthorized use of
22 PAGE's trademarks, 'Couture Today.'" (D.E. 3, p. 2). Defendants alleged acts
23 beyond their alleged use of this mark do not affect any claimed right of Plaintiff.
24 Therefore, it is the registration and use of www.couturetoday.com, and not of any
25 other website that is the direct act which gives rise to the alleged claims.
26 Defendants' other alleged Internet activities may be considered in a determination
27 of general jurisdiction (as discussed above), but are irrelevant to the determination
28 of specific jurisdiction.

1  Plaintiff's argument that "1) hyperlinks, 2) real-time update calendar
2  elements, 3) tool tip windows, 4) JavaScript, 5) automated advertising rotation
3  banners, et cetera" found on www.couturetoday.com are sufficient to deem the
4  website "highly interactive" under *Zippo* misses the mark.  For a website to be
5  "highly interactive" under *Zippo* such that specific jurisdiction is proper, the
6  website must be of the type through which "defendant enters into contracts with
7  residents of a foreign jurisdiction" and "that involve the knowing and repeated
8  transmission of computer files over the Internet."  *Zippo Mfg. Co.*, 952 F.Supp. at
9  1124.  Www.couturetoday.com is clearly not such a website.  (See Declaration of
10 Christopher Green filed with moving papers.)  Defendants' alleged website does
11 little more than make information available to those who are interested.  *Id*.
12 Addressing the alleged components of www.couturetoday.com which
13 supposedly deem it interactive under *Zippo*; hyperlinks do not in and of themselves
14 allow defendants to enter into contracts nor do they involve transmission of
15 computer files.  Rather, hyperlinks merely cause the viewer to be redirected to
16 another website.  "Real-time update calendar elements" do nothing more than
17 provide a "real-time . . . calendar."  There is nothing about the calendar alleged by
18 Plaintiff which gives rise to any inference that this function does anything more
19 than merely providing information to those who are interested.  Plaintiff does not
20 define what exactly a "tool tip window" might be, nor does Plaintiff give any
21 indication that such would allow Defendants to enter into contracts with residents
22 of a foreign jurisdiction or to knowingly and repeatedly transmit computer files
23 over the Internet.  JavaScript is merely a programming language.  Plaintiff fails to
24 assert how merely having utilized JavaScript supports a finding of personal
25 jurisdiction under *Zippo*.  Finally, "automated advertising rotation banners" speak
26 for themselves; they are merely banners automatically providing information to
27 those who may be interested.  Www.couturetoday.com is exactly what the *Zippo*
28 court had in mind when it defined a passive website as one which "does little more

1 than make information available to those who are interested." *Zippo Mfg. Co.*, 952
2 F.Supp. at 1124.

## II. FAILURE TO STATE A CLAIM FOR CYBERSQUATTING

Plaintiff fails to recognize the timing issue raised in Defendants' Motion to Dismiss. Even if Plaintiff's misapplication of the law is to be given any consideration[2] (which it should not), Plaintiff has failed to allege that his mark was either famous or distinctive at the time Defendants allegedly registered the www.couturetoday.com domain as statutorily required. Plaintiff has alleged that at least Defendant Green registered the domain name on June 18, 2000. (D.E. 3, ¶15). However, Plaintiff has made no allegations concerning his own rights or the alleged distinctiveness or fame of his trademark prior to April 2007, approximately seven (7) years after the www.couturetoday.com domain was registered.

While Plaintiff appears to have attempted to allege some facts tracking the factors listed in § 1125(d), Plaintiff fails to recognize that "the most important grounds for finding bad faith are 'the unique circumstances of the case, which do not fit neatly into the specific factors enumerated by Congress.'" *Interstellar Starship Serv.*, 304 F.3d at 946-47 (finding that defendant's actions did not amount to cybersquatting where defendant chose its complained-of domain name as a descriptive term and where the plaintiff had not yet established an Internet presence at the time that the defendant registered the domain)(citing *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 267 (4th Cir. 2001); and *Sporty's Farm, LLC v. Sportsman's Market, Inc.*, 2002 F.3d 489, 495 (2d Cir. 2000)). The unique circumstances of this case, even as alleged by the Plaintiff, cannot support a claim for violation of the ACPA. Specifically, Defendant Green registered the

---

[2] Plaintiff incorrectly asserts that alleging that he has filed a trademark application is the functional equivalent of pleading distinctiveness. Plaintiff has also incorrectly stated that "[t]here is no longer any need for any explicit allegation of distinctiveness [because] the question is fully settled." However, Plaintiff has not alleged a trademark registration. Plaintiff's arguments are meritless as no substantive rights are conferred by the mere filing of a federal trademark application and the applicant is entitled to no statutory presumption of entitlement until the registration issues. *Hydro-Dynamics, Inc. v. George Putnam & Co., Inc.*, 811 F.2d 1470, 1472 (Fed. Cir. 1987).

complained of domain name seven (7) years before Plaintiff took his first step towards acquisition of any rights in and to his alleged mark (D.E.3, ¶¶ 3 and 15), and Defendant Green registered the www.couturetoday.com domain believing that such was merely descriptive of the contemporary women's fashion services intended to be offered therewith. (See Declaration of Christopher Green, ¶19.)

Furthermore, Plaintiff did not plead that Defendant Banks even registered the allegedly infringing domain name. Rather, he alleges that "Defendant GREEN registered the domain name 'couturetoday.com." (D.E. 3, ¶15).

## III. FAILURE TO STATE A CLAIM FOR TRADEMARK INFRINGEMENT

Plaintiff has not alleged ownership of a Federal Trademark Registration. Whether he may soon be getting one is not the issue. The issue is whether he has alleged, in his First Amended Complaint, to have one. No substantive rights are conferred by the mere filing of a federal trademark application and the applicant is entitled to no statutory presumption of entitlement until the registration issues. *Hydro-Dynamics, Inc. v. George Putnam & Co., Inc*., 811 F.2d 1470, 1472 (Fed. Cir. 1987). Unlike other sections of the Lanham Act, 15 U.S.C. § 1114 explicitly protects against infringement of a "registered mark." *See Brennan's, Inc. v. Brennan's Rest., LLC*., 360 F.3d 125, 129-130 (2d Cir. 2004). Plaintiff's First Amended Complaint does not allege ownership of a registered mark for "COUTURE TODAY" and therefore Plaintiff has not properly brought a claim for federal trademark infringement under 15 U.S.C. §1114(a).

## IV. FAILURE TO STATE A CLAIM FOR DILUTION

Plaintiff has failed to respond to Defendants' arguments concerning failure to state a claim for dilution. This may be recognized as a concession by Plaintiff on the issue.

## V. VENUE DOES NOT LIE IN THE SOUTHERN DISTRICT OF CALIFORNIA

Plaintiff's argument that Defendants operate any highly interactive websites

is false or otherwise incorrect. As stated above, www.couturetoday.com is not a "highly interactive" website, but rather a passive website. Furthermore, in defining "a substantial part of the events or omissions giving rise to the claim" "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Woodke*, 873 F.Supp.at 197 (citing *Cottonman Transmission Sys., Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994)). All of Plaintiff's allegations which might connect Defendants to the venue are merely such that "only have some tangential connection with the dispute in litigation." As clearly set out above, only Defendants' acts concerning www.couturetoday.com should be considered in determining which acts gave rise to the instant dispute. Defendants' alleged single sale in the venue appears to have been made through a website other than www.couturetoday.com. Therefore, such sale should have no relevance to a determination of venue.

Because no Defendant resides in this District, because venue would be proper in the Southern District of Florida, and because no substantial portion of the acts complained of occurred in this District, venue in the Southern District of California is not proper and the Complaint must be dismissed.

## VI.   ALTERNATIVE MOTION TO TRANSFER

Plaintiff has misunderstood at least the first factor for the Court to consider under *Jones v. GNC Franchising, Inc*., 211 F.3d 495 498 (9th Cir. 2000). Plaintiff claims that "PAGE and GREEN have negotiated, but not entered, an agreement." (D.E. 10, p. 10). However, the factor does call into question whether the parties have negotiated any agreement, but rather a "relevant" agreement exists or was negotiated. This case appears to arise from allegations of trademark infringement, dilution, and cybersquatting, and not breach of contract.

Plaintiff's assertion that Defendants' should offer evidence that the Court and

1  Judges in the Southern District of Florida are equally well versed in trademark law
2  is improper.  Rather, the question of which forum is most familiar with the
3  governing law applies most logically in cases where one forum court must apply
4  the law of another forum.  This is not the case here.  Plaintiff's alleged causes of
5  action all appear to arise under federal statutory law equally applicable to both the
6  Southern District of California and the Southern District of Florida.  There is no
7  conflict of law issue which might weigh in favor of one court having a greater
8  understanding of the applicable law than the other.

9  As indicated above, the Southern District of California is not a suitable forum
10 for the Defendants.  Defendants have no residences, property, registered agents,
11 employees, or employers in the State of California.  Continuing this action in this
12 District will cause the Defendants enormous expense and prejudice.

13 Plaintiff's statement that Defendants characterize themselves as "global" is
14 misleading and irrelevant.  First, the quote that Plaintiff references refers to Anesta
15 Web, not to Defendants Banks or Green.  Second, the quote proves nothing of any
16 relevance.  The question is whether the parties have sufficient contacts with the
17 forum, not whether they have styled themselves as "global" without actually being
18 such.  As spelled out in detail, the Defendants have no significant or continuous
19 contacts with the State of California.

20 To the extent that the Defendants have any contacts with the State of
21 California, those contacts have no relation to the cause of action, but rather are (if at
22 all) created through a website which is not subject to the instant trademark dispute.

23 Plaintiff's assertion that he must make "personal visits" to the Court house in
24 order to file matters in this action is plainly incorrect.  While he may so choose to
25 do, it is entirely within Plaintiff's ability to send his pleading to the Court by
26 reliable overnight carrier such as FedEx, UPS, or even the United States Postal
27 Service.  This is not a case that turns on Florida law.  Plaintiff has thus far chosen to
28 proceed *pro se*; therefore, Defendants are uncertain why Plaintiff now claims that

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
37TH FLOOR - ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVE
LOS ANGELES, CALIFORNIA 90071-3147

1  transfer to the Southern District of Florida would force him to seek Florida counsel.
2  However, transfer to the Southern District of Florida would relieve Defendants of
3  the financial burden currently placed on them of employing Florida Counsel as well
4  as Local California Counsel.

5      Again, all non-party witnesses that Defendants are aware of reside in Florida.
6  In the event that Plaintiff seeks to compel the attendance of such non-party
7  witnesses, such would have to be accomplished by a court within one hundred
8  (100) miles of that witness' residence or place of employment.  Fed.R.Civ.P.
9  45(c)(3)(ii).

10      By Plaintiff's own admission, evidence in this matter will be primarily found
11  in "the Defendants' hard drives" which are located in the Southern District of
12  Florida.  (D.E. 10, p. 11).  Therefore, the ease of access to sources of proof is
13  greater in the Southern District of Florida.

## VII. CONCLUSION

    For all the reasons stated herein and in the original Motion to Dismiss, Plaintiff's First Amended Complaint should be dismissed.  In the alternative, this action should be transferred to the Southern District of Florida for further proceedings.

DATED: March 27, 2008

By: /s/ Gretchen D. Stockdale
    GRETCHEN D. STOCKDALE
**HILL, FARRER & BURRILL LLP**
GRETCHEN D. STOCKDALE

**ROTHSTEIN ROSENFELDT ADLER**
FRANK HERRERA
GUSTAVO SARDINA

Attorneys for Defendants ANN BANKS and CHRISTOPHER GREEN and ANESTA WEB, INC.

HFB 791872.1 B0969002