**HILL, FARRER & BURRILL LLP**
Gretchen D. Stockdale (Bar No. 221867)
  *email: gstockdale@hillfarrer.com*
300 South Grand Ave
37th Floor - One California Plaza
Los Angeles, CA 90071-3147
Telephone:  (213) 620-0460
Facsimile:  (213) 624-4840

**ROTHSTEIN ROSENFELDT ADLER**
Frank Herrera (*pro hac vice*)
  *email: fherrera@rra-law.com*
Gustavo Sardiña (*pro hac vice* pending)
  *email: gsardina@rra-law.com*
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Telephone: (954) 522-3456
Facsimile: (954) 527-8663

Attorneys for Defendants ANN BANKS,
CHRISTOPHER GREEN and ANESTA WEB, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EDWARD PAGE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ANN BANKS, an individual; CHRISTOPHER GREEN, an individual; ANESTA WEB, INC., a Florida corporation; and ROES 1-10, <br><br> Defendants. | Case No. 07-CV-02254 JM (BLMx) <br><br> **OPPOSITION TO PLAINTIFF'S MOTIONS TO STRIKE AND FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT** <br><br> Date: <br> Time <br> Ctrm:     16 <br> Judge:   Hon. Jeffrey T. Miller |

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
37TH FLOOR - ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVE
LOS ANGELES, CALIFORNIA 90071-3147

07-CV-02254 OPPOSITION TO PLAINTIFF'S MOTION
TO STRIKE AND FOR LEAVE TO AMEND FIRST
AMENDED COMPLAINT

## I. INTRODUCTION

On March 18, 2008, Plaintiff filed his response in opposition to Defendants Green and Banks' Motion to Dismiss. (Docket Entry ("D.E.") 10). Plaintiff included in his opposition brief two additional motions, namely, a Motion to Strike and a Motion for Leave to Amend his First Amended Complaint. As set out below, neither motion should be granted.

## II. PLAINTIFF SHOULD NOT BE PERMITTED TO AMEND HIS COMPLAINT AS IT WOULD BE FUTILE

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that:

> [a] party may amend that party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a).

Plaintiff has already amended his Complaint. (D.E. 3). Because all Defendants oppose Plaintiff's Motion for Leave to Amend, Plaintiff may now only amend upon leave of the Court. While Rule 15(a) states that "leave shall be freely given when justice so requires," the Court should not automatically grant Plaintiff's motion. Rather:

> [t]he decision whether to permit amendment is committed to the sound discretion of the trial court. In the absence of undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice to the other party, the futility of the amendment or other such reasons, leave to amend should be freely given.

*See McGlinchey v. Shell Chemical Co.*, 1985 U.S. Dist. LEXIS 22117, *1-2

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
37TH FLOOR - ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVE
LOS ANGELES, CALIFORNIA 90071-3147

(N.D.Cal. 1985)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Brier v. Northern California Bowling Proprietors' Assoc.*, 316 F.2d 787, 789-90 (9th Cir. 1963); and *Halet v. Wend Investment Co.*, 672 F.2d 1305, 1310 (9th Cir. 1982)).

The Court should deny Plaintiff's Motion for Leave as any amendment by Plaintiff would be futile in that it would fail to cure the fatal defects of Plaintiff's claim, not least of which is the fact that personal jurisdiction is not proper over any Defendant in the State of California. *See McGlinchey*, 1985 U.S. Dist. LEXIS 22117 (denying plaintiff's motion for leave to file second amended complaint where such did not cure the fact that personal jurisdiction was not proper).

### III. THE COMPLAINED OF COMMENTS ARE NOT THE PROPER SUBJECT OF A RULE 12(F) MOTION

Plaintiff complains that certain statements made in Defendants Green and Banks' Motion to Dismiss have caused him to "take[] exception and invite[] Defendants' apology." (D.E. 10, p. 12). Based on the same, Plaintiff moved to strike these comments under Rule 12(f). Rule 12(f) states, in pertinent part that "the court may order stricken <u>from any pleading</u> any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f)(emphasis added).

The complained of statements here were not made in a pleading, but rather as part of a motion. Case law is clear that "a motion is not a pleading and therefore may not be, under the express language of Rule 12(f), the subject of a motion to strike." *In re Conseco Ins. Co. Annuity Mktg. & Sales Practices Litig*, 2007 U.S. Dist. LEXIS 12786, *32-33 (N.D. Cal. 2007)(citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885-86 (9th Cir. 1983)).

### IV. CONCLUSION

Because personal jurisdiction is not proper in California, any amendment to Plaintiff's First Amended Complaint would be futile. Plaintiff's Motion for Leave to Amended the First Amended Complaint should be denied on that basis alone.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
37TH FLOOR - ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVE
LOS ANGELES, CALIFORNIA 90071-3147

1  Similarly, Plaintiff's Rule 12(f) Motion to Strike should be denied as it does not
2  address any matter raised in a pleading, or in the alternative, because the statements
3  are true, or protected by judicial privilege.  *See* Cal.Civ.Code §47(b).

DATED: April 4, 2008

By: /s/ Gretchen D. Stockdale
　　GRETCHEN D. STOCKDALE
**HILL, FARRER & BURRILL LLP**
GRETCHEN D. STOCKDALE

**ROTHSTEIN ROSENFELDT ADLER**
FRANK HERRERA
GUSTAVO SARDINA

Attorneys for Defendants ANN BANKS and CHRISTOPHER GREEN and ANESTA WEB, INC.

HFB 793338.1 B0969002

3   07-CV-02254 OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT