Joseph Page
P.O. Box 757
La Jolla, CA 92038
858 699 6015
jpage@josephpage.com

FILED

08 APR 17 PM 2:29

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____
                    DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT of CALIFORNIA

| | |
|---|---|
| JOSEPH PAGE<br>Plaintiff,<br><br>vs.<br><br>ANN BANKS,<br>CHRISTOPHER<br>GREEN, and<br>ANESTA WEB Inc., a<br>Florida corporation,<br>Defendants. | Case No. **07 CV 2254 JM (BLM)**<br><br>**OPPOSITION TO<br>DEFENDANT'S MOTION<br>TO SET ASIDE DEFAULT<br>AND ALTERNATIVE<br>MOTIONS TO DISMISS;<br>POINTS AND AUTHORITY<br>RELATED TO SAME**<br><br>**Date: April 25, 2008**<br>**Time: 13:30**<br>**CTRM: 16**<br>**Judge: Hon. Jeffrey T. Miller**<br><br>**Oral Argument Requested** |

Plaintiff PAGE comes now to and hereby does oppose Defendant's motion to set aside default and plurality of motions to Dismiss.

This Opposition is based upon integrated Memorandum of Points and Authority, and exhibits, papers and pleadings already of record, and matters of which this Court may take judicial notice.

Opposition to Motion to Set Aside Default

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 7.1(d)(2), Plaintiff feels his position can be more perfectly presented given the opportunity to be heard and argue orally, and therefore *requests oral argument* and does not waive same.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

Table of Contents

............. 3

Table of Authority

............. 4

BACKGROUND

............. 5

SUMMARY ARGUMENT

...............6

ARGUMENT

...............8

CONCLUSION

...............11

Opposition to Motion to Set Aside Default

## TABLE OF AUTHORITY

1)     *Spartan Leasing v. Pollard,* 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991)

2)     *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 509-10, 181 S.E.2d 794, 798 (1971)).

3)     *Bell v. Martin*, 299 N.C. 715, 264 S.E.2d 101 (1980)).

4)     CCP 416.10(a)

5)     CCP 416.10(b)

Opposition to Motion to Set Aside Default

4

1
2
3                              **BACKGROUND**
4
5        Plaintiff filed complaint against multiple defendants Nov. 29 2007.  On February 15,

6    2009, a First Amended Complaint (herefollowing FAC) was filed and that complaint added

7    Defendant Anesta Web Inc., a Florida Corporation (herefollowing: Defendant AWEB) as an

8    included defendant.  On the 26th of February, Defendant AWEB was served with complaint

9    and summons by professional process servers Metro Process Servers Inc. of Florida.

10       By March 18, 2008, AWEB had failed to answer and Plaintiff filed a Request for

11   Entry of Default with Return of Service on this Court's form and supplemental sheets

12   indicating how service was effected.  In accordance with the Rules, the Clerk of the Court

13   entered Default on March 20, 2008.   Defendant thereafter brought the motion at bar and

14   noticed same on March 24th.  The following is a memorandum in opposition to that Motion to

15   Set Aside Default and Defendant's alternative plurality of Motions to Dismiss.

16
17
18
19
20
21
22
23
24
25
26
27
28

Opposition to Motion to Set Aside Default

5

1

2

## SUMMARY ARGUMENT

3

4

Defendant's Motions are Brought Out of Turn

5           Defendant's plurality of motions to dismiss and motion to transfer cannot be properly

6   brought on March 24, 2008 – as attempted by Defendants as Defendants have no standing to

7   do so.  Further, Plaintiff has no duty to answer and oppose positions raised there and the court

should not consider those positions raised out of turn and unopposed.  Defendant's only

8   recourse is to *show good cause* for setting aside the default and, failing that, to contest the

9   amount of the recovery." *Spartan Leasing v. Pollard,* 101 N.C. App. 450, 460, 400 S.E.2d

10   476, 482 (1991) (quoting *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 509-10, 181 S.E.2d

11   794, 798 (1971)).  "The effect of an entry of default is that the defendant against whom entry

of default is made is deemed to have admitted the allegations in plaintiff's complaint, and is

12   prohibited from defending on the merits of the case." *Id.* (citing *Bell v. Martin*, 299 N.C. 715,

13   264 S.E.2d 101 (1980)).

14

15

Service is proper in view of state law of Florida §48.031(6)

16           Service was in fact made in accordance with state law of Florida §48.031(6), contrary

17   to Defendant's position that it was not.  Service of process was effected by a professional

18   process server who is quite intimately familiar with the details of applicable law, service was

19   properly made in accordance therewith, proof of that having been filed March 18th, 2008, and

20   now of record, and no other good cause having been shown, Defendant's Motion to Set Aside

21   Default must be denied.

22

Service is additionally proper under California and FRCP

23

           Defendant AWEB argues as follows in its combination motion to set aside and

24   plurality of motions in the alternative, to dismiss at page 2 lines 8 – 10:

25                   "Anesta Web has not been properly served with process under *applicable Florida

26   law*.  Therefore, Clerk's default should be set aside" (emphasis added).

27

28

Opposition to Motion to Set Aside Default

6

However, this is not consistent with the Rules.  Specifically, Rule 4(e)(1) provides for service in accordance with California *or* Florida state law.  Still further and additionally, service may also be effected as prescribed in FRCP Rule 4(h)(1)(B) which reads:

> "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant."

Accordingly, service in the present case is proper if it were brought about *either* via: California state law, or Florida state law, or 4(h)(1)(B).  Defendant's entire motion relies upon a mistaken notion that service is improper where not in conformance with Florida Statute §48.031(6).

## In-Force Default prevents Further Motions

Once Defendant's Motion to Set Aside Default is denied, then Default entered March 20, 2008 will remain valid and in full force.  As such, it is improper for Defendant to bring Defendant's "Motions in the alternative to Dismiss", among others.  It is necessarily the case that such motion cannot be considered so long as the Default has not yet been set aside.

Motions to Dismiss cannot be brought as an *alternative* to a Motion to Set Aside Default as requested by Defendants; for if the Motion to Set Aside Default fails, Defendant has no standing to bring further motions - i.e. those under: 10(b), 12(b)(2), 12(b)(3) and 12(b)(6).

Accordingly and without more, this Court should deny and dismiss Defendant's Motion to Set Aside Default, and thereafter necessarily should leave all other of Defendant's motions without consideration finding them filed in improper order and brought without standing.

Opposition to Motion to Set Aside Default

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DETAILED ARGUMENT

<u>Service under Florida's §48.031(6) is valid</u>

Despite Defendant's finding "a dearth of authority on point", the statute is straightforward.  Florida statute §48.031(6) as presented by Defendant is accurate; albeit with unusual emphasis.  Florida provides for substitute service on a private mailbox by leaving a copy with a person in charge – when "the only address for a person to be served ( ) is a private mailbox".  The only address for Christopher Green as CEO and registered agent for process service is 5722 S. Flamingo Road, Suite #129, Fort Lauderdale, FL 33330, (herefollowing: 5722').  This is due to the fact that Defendant has constructively rendered other addresses inoperable for service.

The summons was in fact carefully prepared with the principal address for Defendant AWEB as made available on Florida Department of State Division of Corporations website – the address Defendant claims in their motion should have been used.

This address was repeatedly attempted.  As the address is very well known to the process servers from previous experiences, multiple vigorous attempts to serve process in this case at that address where made by at least four professional process servers in addition to an attempts to serve by acknowledgement/certified mail, further attempts at that address were abandon and the address declared inoperable for a person to be served.  Thereafter, 5722' became "the only address for a person to be served" – in agreement with the statute.

Due to Defendant AWEB's CEO Christopher Green's exceptionally successful campaign to duck service *all attempts at 4115 Wimbledon Drive, Cooper City, FL failed.*  The 4115' address constructively ceased to be "an address for a person to be served" as meant by the statute.  Thereafter, the only address, discoverable through public records (Defendant AWEB's own website), was the 5722' address, and this is where service was affected (see notes from Metro on return of service (of record)).

Opposition to Motion to Set Aside Default

8

Service under California CCP §416.10(a)

Federal Rules also provide for service in accordance with law of the state in which the matter is filed.  California provides that service be effected on a corporation in CCP §416.10(a)

"to the person designated as agent for service of process as provided by any provision in section 200, 1502, 2105, or 2107 of the corporations code"

As GREEN is the designated agent for service of process as set forth in corporate records in Florida, GREEN is therefore properly served by leaving a copy with the person in charge at 5722'.

California additionally provides for service on a corporation in CCP §416.10(b)

"to the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process"

Green is CEO of Defendant AWEB and as such he is a person to be served under §416.10(b).  Service on Green at 5722' is service on Defendant AWEB in accordance with CCP §416.10(b) as Green is the CEO.

In this regard service on Defendant AWEB was made both by CCP §416.10 (a) and CCP §416.10 (b).

Service under FRCP (4)(h)(1)(b)

Finally, under FRCP (4)(h)(1)(b) a corporation may be served by delivering a copy of the summons and the complaint to an officer.  Christopher Green is an officer and a copy of the summons and complaint were delivered to him by professional process servers at 5722'. Therefore, service was also properly effected via provision of the Federal Rules.

Defendant AWEB's counsel was surely aware of AWEB's position and when process

was received at 5722' could have raised objections of insufficiency upon first notice rather than standing by idle until after a default had been entered. Service should be further ruled completed in view of defendant AWEB's counsel who now asks this same Court to consider substantial motions to dismiss thereby in effect acknowledging a duty to answer.

Defendant Fails to Show Good Cause

Citing one 'good cause' standard, Defendants suggest consideration for:

"whether defendants culpable conduct led to the default, whether defendant has a meritorious defense, and whether plaintiff would suffer prejudice were the default lifted".

Contrary to Defendant's assertion of 'no culpable conduct' on the part of Defendant AWEB led to default, Defendant AWEB's culpable contact couldn't be more clear. Defendant AWEB's CEO Defendant Christopher Green engineered a masterfully effective campaign to duck service and has run this campaign since Nov. 29, 2007. Despite repeated attempts on multiple channels, by multiple professional process servers, the only response ever generated was via the 5722' address/Christopher Green.

Further, Defendant AWEB is culpable because its attorneys were well aware of the filing of the FAC when AWEB was invited to participate in this action, yet did nothing despite having received summons and complaint via 5722. In addition, Defendant AWEB is culpable for the default for not objecting to proof of service to filed prior to entry of default.

Defendant AWEB cites meritorious defenses "set out below" - but those defenses remain in doubt as they depend wholly upon incorrect information due to mistake or outright fraud. That those defenses have or have not merit, remains to be adjudicated and Defendant should not be entitled any presumption of validity of those defenses here.

Contrary to Defendant's position of "no prejudice if default is listed", Plaintiff will indeed by so prejudiced. Defendant puts forth that "this is an action seeming to arise from the registration of a certain domain name" defendant leaps to an amazing conclusion "therefore even if the default is not lifted, [nonsense] Plaintiff will not succeed in his goal, namely the acquisition of the domain name. This action is based on <u>Trademark Infringement</u> and <u>Cybersquatting</u>. Defendant AWEB, in cooperation with others, continues to prevent Plaintiff

Opposition to Motion to Set Aside Default

use of his trademark, corresponding domain name, and in view of damages which continue to accrue each day, Plaintiff's business is affected, Plaintiff is prejudiced by a default set aside.

Plaintiff restates his position that motions to dismiss are brought out of turn. If the Court sets aside default on April 25, then it should reset the clock for motions to dismiss in order that Plaintiff have sufficient time to develop appropriate opposition.

Plaintiff does oppose Defendant's motions to dismiss and intends to bring that opposition in due course.

## CONCLUSION

As service of process is clearly in accordance with those provisions of statue, Defendant AWEB has shown nothing, and certainly no good cause to support setting aside default and as such their motion should be denied and rejected.

Further, Defendant's Motions to Dismiss should also be denied and rejected as filed out of turn and without standing.

DATED:    April 10, 2008

Joseph Page

Opposition to Motion to Set Aside Default

11

'07 CV 2254 JM (BLM)

# CERTIFICATE OF SERVICE

I hereby certify that a copy of **Opposition to Motion to Set Aside** was this date served upon all counsel of record by placing a copy of same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Frank Herera
Rothstein, Rosenfeldt, Adler
401 East Las Olas Boulevard #1650
Fort Lauderdale, FL 33301

San Diego, CA this 15 day of April, 2008.

Danny Thomas

Frank Herera
Rothstein, Rosenfeldt, Adler
401 East Las Olas Boulevard #1650
Fort Lauderdale, FL 33301