# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PAGE,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>ANN BANKS; CHRISTOPHER GREEN; and ANESTA WEB CORPORATION,<br><br>　　　　　　　Defendants. | CASE NO. 07cv2254 JM(BLM)<br><br>ORDER GRANTING DEFENDANTS BANKS AND GREEN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

Defendants Ann Banks and Christopher Green move to dismiss the First Amended Complaint ("FAC") under Rules 10(b), 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Joseph Page opposes the motion. Defendant Anesta Web Corporation did not file a response to the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants Defendants Banks and Green's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. The Clerk of Court is instructed to dismiss Ann Banks and Christopher Green as parties to this action.

## BACKGROUND

On February 15, 2008 Plaintiff filed the operative FAC alleging two claims for cybersquatting and trademark infringement and dilution. Plaintiff is a citizen of California and Defendants are citizens of Florida.

On April 4, 2007, Plaintiff alleges that he registered the Trademark "Couture Today" and registered the Internet domain name couturetoday.net "with the intent to, and then did, provide business services including fashion related news reporting and advertising on a website associated with that domain name." (FAC ¶4). Shortly thereafter, on April 23, 2007, Plaintiff alleges that Defendants offered to sell the domain name "couturetoday.com." (FAC ¶5). He also alleges that "[n]o actual website was ever served on dates prior to Defendants' offer of sale for that domain name." Id. On November 19, 2007 Defendants again allegedly offered the domain name "couturetoday.com" for sale.

On November 26, 2007 Plaintiff telephonically contacted defendant Green to notify him of Plaintiff's 'intellectual property rights including trademark rights to Courture Today and similar domain names." (FAC ¶8). The following day, Plaintiff alleges that Defendants "did cause to be served *a new web site* associated with domain name 'couturetoday.com' and the fashion services of Defendant Banks in a thinly veiled and bad faith attempts to provide 'legitimacy' to the sham by actually hosting a functioning website while quitting the 'parked' nature of the domain name." (FAC ¶9).

Plaintiff alleges that "Defendants altered their domain name registrar administrative contact records. In this regard, the records were adjusted to omit the 'for sale' notice afer commencement of this complaint. It is widely known by cybersquatters that offers for sale are sometimes fatal in claims for ownership of names - and Defendants wanted to conceal their previous position whereby they were openly willing to sell the name, once they understood a contest was mounting." (FAC ¶11). The Defendants allegedly have "an updated sham web site" that includes false copyright notice. (FAC ¶12).

Plaintiff further alleges that Defendant Green registered the domain name "courturetoday.com" on June 18, 2000 but did not take any steps for "formal registration of trademarks." (FAC ¶19). Defendants also did not allegedly use the

1  domain name in connection with the offering of any goods or services until November
2  27, 2007.
3    Based upon the above generally alleged conduct, Plaintiff alleges two causes of
4  action for cybersquqatting and trademark infringement and dilution of marks. Plaintiff
5  seeks actual damages and injunctive relief to enjoin Defendants "from continuing
6  registration of the domain name 'courturetoday.com.'"
7    Defendants move to dismiss the complaint for lack of personal jurisdiction,
8  failure to state a claim and improper venue. In the alternative to a dismissal for
9  improper venue, Defendants seek transfer to the Southern District of Florida.

## BACKGROUND

**Personal Jurisdiction**

The court may "exercise personal jurisdiction over a non-resident if jurisdiction is proper under California's long-arm statute and if that exercise accords with federal constitutional due process principles." Fireman's Fund Ins. Co. v. National Bank of Cooperatives, 103 F.3d 888, 893 (9th Cir. 1996). As the Ninth Circuit has explained:

> California's long-arm statute authorizes the court to exercise personal jurisdiction over a non-resident defendant on any basis not inconsistent with the California or federal Constitution. Cal.Code Civ. Proc. S 410.10. The statutory and constitutional requirements therefore merge into a single due process test.

Id. at 893. "Due process requires only that . . . [the defendant] have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Where the court does not conduct an evidentiary hearing, a plaintiff need only establish a prima facie case of personal jurisdiction. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

There are two types of personal jurisdiction: general and specific. "General personal jurisdiction, which enables a court to hear cases unrelated to the defendant's forum activities, exists if the defendant has 'substantial' or 'continuous and systematic'

contacts with the forum state." <u>Fields v. Sedgwick Associated Risks, Ltd.</u>, 796 F.2d 299 (9th Cir.1986). Specific jurisdiction allows the court to exercise jurisdiction over a defendant whose forum-related acts gave rise to the action before the court.

<u>General jurisdiction</u>

A Plaintiff attempting to demonstrate general jurisdiction has a heavy burden. <u>Id.</u> Here, Plaintiff fails to meet that burden, as the only contacts Defendants have with California are inconsequential and sporadic.

Defendants Green and Banks are long-term residents of the State of Florida who have not visited California for about five years, do not own property in California, maintain bank accounts, and "do not make sales, solicit sales, or otherwise engage in business in the State of California." (Banks Decl. ¶8; Green Decl. ¶7). Plaintiff does not dispute these jurisdictional facts. Rather, Plaintiff contends that defaulted defendant Anesta Web Corporation operates several websites related to anesthesiology. However, there is no showing that Defendants Banks and Green maintained systematic and continuous contacts with California. Consequently, such contacts are not sufficiently substantial to support the exercise of general jurisdiction. <u>Cf.</u> <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984) (Texas did not have general jurisdiction over a foreign corporation which sent one of its officers to negotiate a contract, sent personnel to train there, accepted checks drawn on a Texas bank, and purchased equipment from a Texas firm); <u>Cubbage v. Merchent</u>, 744 F.2d 665, 667-668 (9th Cir.1984) (doctors in an Arizona border town did not have sufficient contacts with California despite a significant number of California residents as patients, use of the state health insurance system, and listings in the telephone directory that served people on both sides of the border); <u>Gates Learjet Corp. v. Jensen</u>, 743 F.2d 1325, 1330-31 (9th Cir.1984) (no general jurisdiction existed in Arizona over defendants who visited Arizona several times, purchased materials in the state, solicited an agreement in the state that included Arizona choice of law and forum provisions and did a great deal of communicating by phone, telex, and letter to Arizona), <u>cert. denied</u>, 471 U.S. 1066

(1985).

Plaintiff contends that Defendants Banks and Green (mother and son) are officers of Anesta Web. (Plaintiff's Exh. 8). Because Anesta Web operates a website related to the provision of anaesthesiology services (www.anesthesiologistassistant.com), Plaintiff concludes that the exercise of general jurisdiction is appropriate. Although Plaintiff does not provide any evidentiary support, Plaintiff contends that Defendants do, in fact, solicit sales in California and references the website, www.anesthesiologistassistant.com. This argument, even if true, fails to show systematic and continuance contacts sufficient to satisfy the due process concerns identified in International Shoe. Consequently, the court rejects the argument that Defendants are subject to general personal jurisdiction in California.

Specific jurisdiction

The Ninth Circuit has a three-part test to determine whether specific personal jurisdiction comports with due process: "(1) the defendant must have done some act to purposely avail himself of the privilege of conducting activities in the forum; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable." Sedgwick, 796 F.2d at 302. Where the defendants present "a compelling case that jurisdiction would be unreasonable," there is no need to address the first two prongs of the test. Id. at 302. On the other hand, "[o]nce purposeful availment has been established, the forum's exercise of jurisdiction is presumptively reasonable. To rebut that presumption, a defendant must present a compelling case that the exercise of jurisdiction would, in fact, be unreasonable." Roth v. Garcia Marquez, 942 F.2d 617, 621-22 (9th Cir.1991).

The purposeful availment prong prevents defendants from being haled into a jurisdiction through "random," "fortuitous," or "attenuated" contacts. Terracom v. Valley Nat. Bank, 49 F.3d 555, 560 (9th Cir. 1995). Importantly, in tort cases,[1] this

---

[1] A trademark claim is akin to a tort. See Panavision International, L.P. v. Toeppen, 141 F.3d 1316 (9th Cir. 1998).

prong may be satisfied "if an out-of-forum defendant merely engages in conduct aimed at, and having effect in, the situs state." <u>Ziegler v. Indian River County</u>, 64 F.3d 470, 473 (9th Cir. 1995). <u>See also</u> <u>Calder v. Jones</u>, 465 U.S. 783 (1984) (a defendant must reasonably anticipate being haled into court where the defendant's intentional and allegedly tortious acts are expressly aimed at forum state). Therefore, the court must determine if Defendants in this case engaged in conduct "aimed at, and having effect in, the situs state." <u>Ziegler</u>, 64 F.3d at 473.

While it may be that Defendants' allegedly tortious conduct had an effect in California, Plaintiff's place of business, there is no basis for finding that Defendants' conduct was "aimed at" California. Defendants represents that www.couturetoday.com "is a passive website in the sense that it is no more than an online brochure or advertisement. The website is primarily composed of [Ms. Green's] credentials and limited contact information. The contact information provided includes a local Florida phone number and the phrase 'Ann Banks can be found at: Bal Harbour Shops, Florida.'" (Banks Decl. ¶16; Green Decl. ¶14; Plaintiff's Exh. 1). Further, neither Defendant can be contacted directly through the website nor can Defendants receive an e-mail through the website. The only contact information relates to the listing of the local Florida telephone number for Ann Banks. (Plaintiff's Exh. 1; Banks Decl. ¶17). Moreover, to find that the contacts in the present case are sufficient to satisfy the first prong of the analysis would be to disregard Ninth Circuit case law holding that "ordinary 'use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state.'" <u>Peterson v. Kennedy</u>, 771 F.2d 1244 (9th Cir. 1985) (quoting <u>Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion de Costa Rica</u>, 614 F.2d 1247, 1254 (9th Cir. 1980)), <u>cert. denied</u> 475 U.S. 1122 (1986).

Here, Defendants' use of the internet is insufficient to establish that they purposely availed themselves of the privilege of doing business in California. In <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414 (9th Cir. 1997), the plaintiff, Cybersell,

Inc. was an Arizona corporation that provided Internet and web advertising and marketing services. In August of 1994, the plaintiff filed an application to register the name "Cybersell" as a service mark. The application was approved on October 30, 1995. From August of 1994 through February of 1995 plaintiff operated a web site using the mark "Cybersell." The site was then taken down for construction. In the summer of 1995, the individual defendants formed Cybersell, Inc., a Florida corporation for the purpose of providing business consulting services for strategic management and marketing on the web. At this time, plaintiff did not have a web site and the PTO had not granted plaintiff's application for a service mark. Defendants created a web page wherein the home page had a logo with "Cybersell" over a depiction of the earth. There was also a caption "Professional Services for the World Wide Web" and a local phone number. A hyperlink text allowed a browser to introduce himself or herself and invited a company not yet on the web -- but interested in getting on the web -- to "Email us to find out how!"

The Ninth Circuit concluded that applying the traditional "minimum contacts" analysis, it would not "comport with 'traditional notions of fair play and substantial justice' for Arizona to exercise personal jurisdiction over an allegedly infringing Florida web site advertiser who has no contacts with Arizona other than maintaining a home page that is accessible to Arizonans, and everyone else, over the Internet." Id. at 415. Factors the Ninth Circuit relied upon in support of it holding were (1) the defendant conducted no commercial activity over the Internet in Arizona; (2) the defendant did nothing to encourage people in Arizona to access its site; (3) there was no evidence that any part of its business was sought or achieved in Arizona; (4) no Arizonan except the plaintiff "hit" the defendant's web site; (5) there was no evidence that any Arizona resident signed up for defendant's services; (6) no contracts were made in Arizona; (7) no sales were made in Arizona; (8) no phone calls were received from Arizona; (9) no income was earned from Arizona; (10) no messages were sent over the Internet to Arizona; (11) the only message received over the Internet from Arizona was from the

plaintiff; (12) the defendant did not have a toll free number; and (13) the Internet activity of the web site was limited to receiving the browser's name and address and an indication of interest -- signing up for the service was not an option. The court explained that "[i]n short, [the defendant] has done no act and has consummated no transaction, nor has it performed any act by which it purposefully availed itself of the privilege of conducting activities, in Arizona, thereby invoking benefits and protections of Arizona law." Id. at 419.

In analyzing the purposeful availment requirement to websites, the Ninth Circuit applies a sliding scale test. Amini Innovation Corp. v. JS Imports, Inc., 497 F.2d 1093, 1103 (C.D. Cal. 2007). The sliding scale test has been described as follows:

> At one end of the spectrum are situations where a defendant clearly does business over the internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the internet, personal jurisdiction is proper. At the opposite end are situations where a defendant simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction.

Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D. Pa 1997). Under this sliding scale inquiry, the website at issue more closely resembles an advertisement. There is no means to contact Defendants, other than by a local Florida telephone number for Ann Banks. Moreover, visitors to www.courturetoday.com cannot enter into contracts, make purchases, exchange computer files, or engage in other interactive activities.

In sum, the court finds that Plaintiff has failed to demonstrate that the first prong of the test for specific jurisdiction is satisfied. Therefore, the court need not consider whether the exercise of jurisdiction in this case would be reasonable. Nonetheless, even Plaintiff had demonstrated that the first prong of the test is met, Plaintiff has failed to demonstrate that it would be reasonable for this court to exercise personal jurisdiction over these Defendants. To determine reasonableness, the Ninth Circuit examines seven factors: "the existence of an alternate forum, the burden on the defendant to defend the

1  suit in the chosen forum, the most efficient judicial resolution of the controversy, the
2  importance of the chosen forum to the plaintiff's interest in convenient and effective
3  relief, the extent of defendant's purposeful interjection into the chosen forum, the extent
4  of conflict with the sovereignty of the defendant's state, and the forum state's interest
5  in the dispute." Id.

6  Here, there is no showing that Defendants purposefully interjected themselves
7  into California. This factor weighs heavily in favor of a finding that the exercise of
8  personal jurisdiction over defendant would be unreasonable. Furthermore, there is no
9  basis for finding that Plaintiff does not have an alternate forum, and Plaintiff has failed
10 to demonstrate that California is important to its interest in convenient or effective
11 relief. The other factors do not weigh heavily in either direction.

12 Plaintiff argues that the website is highly interactive, apparently because the
13 website contains links to other websites. These other websites are not alleged to be
14 owned or operated by Defendants. The court concludes that the existence of hyperlinks
15 on Defendants' website is insufficient to show that Defendants purposely availed
16 themselves of the privilege of doing business in California.

17 In sum, a weighing of the relevant factors reveals that the exercise of personal
18 jurisdiction over Defendants Banks and Green would be unreasonable and, therefore,
19 defendants' Rule 12(b)(2) motion to dismiss is properly granted. The Clerk of Court
20 is instructed to dismiss Defendants Banks and Green as parties to this action.

21 **IT IS SO ORDERED.**
22 DATED: April 24, 2008

Hon. Jeffrey T. Miller
United States District Judge

25 cc:        All parties