**HILL, FARRER & BURRILL LLP**
Gretchen D. Stockdale (Bar No. 221867)
    email: gstockdale@hillfarrer.com
300 South Grand Ave
37th Floor - One California Plaza
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 624-4840

**ROTHSTEIN ROSENFELDT ADLER**
Frank Herrera (admitted *pro hac vice*)
    email: fherrera@rra-law.com
Gustavo Sardiña (*pro hac vice* pending)
    email: gsardina@rra-law.com
401 East Las Olas Boulevard, Suite 1650
Fort Lauderdale, Florida 33301
Telephone: (954) 522-3456
Facsimile: (954) 527-8663

Attorneys for Defendants ANN BANKS,
CHRISTOPHER GREEN and ANESTA WEB, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EDWARD PAGE, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ANN BANKS, an individual; CHRISTOPHER GREEN, an individual; ANESTA WEB, INC., a Florida corporation; and ROES 1-10,<br><br>    Defendants. | Case No. 07-CV-02254 JM (BLMx)<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND/OR MOTION TO DISMISS**<br><br>**Date:** April 25, 2008<br>**Time** 1:30 p.m.<br>**Ctrm:** 16<br>**Judge:** Hon. Jeffrey T. Miller |

## REPLY MEMORANDUM

Plaintiff failed to properly affect service on Defendant Anesta Web (hereinafter "Defendant" or "Anesta Web"). Even if Plaintiff did affect proper service (which it did not) the strong public policy in favor of decisions on the merits viewed together with Anesta Web's viable defenses strongly suggest that default should be lifted.

## SERVICE WAS NOT PROPER

Plaintiff correctly points out in his Opposition to the Motion to set aside default that Florida Statute §48.031(6) is straight forward. The statute clearly provides that substitute service under the statute is only appropriate when the sole address discoverable through public records is a private mailbox. Anesta Web has shown that an address other than the private mailbox at which Plaintiff attempted to serve Anesta Web was discoverable through a search of the public records available at the State of Florida's www.sunbiz.org website. As such, substitute service under §48.031(6) cannot be appropriate.

Rather than dispute the clear meaning of the statute, Plaintiff claims that 5722 S. Flamingo Road (the address at which substitute service was attempted) became the only address discoverable through public record because "multiple vigorous attempts to serve process" at Anesta Web's principal address of 4115 Wimbledon Drive failed. (Docket Entry ("D.E.") 23, p. 8). However, Plaintiff fails to provide any evidence or affidavits tending to support the allegation that such multiple attempts were actually made, or to even describe the circumstances of such alleged attempts at service. Therefore, Plaintiff's allegations concerning the availability of alternate addresses for service, or the lack thereof, are at best unsubstantiated. Moreover, Plaintiff fails to show any authority that such an outcome (even taking Plaintiff's allegations of multiple failed attempts at service on their face) would be appropriate. As such, a question exists as to the sufficiency of service under the statute and default should therefore be set aside. Liang v. Cal-Bay Int'l, Inc., 2007 U.S. Dist. LEXIS 26543 (S.D.Cal. 2007)(setting aside default judgment where there was a question as to the sufficiency of service).

Plaintiff also claims that to the extent that service was not proper under Florida law, that it was still proper under California law. (D.E. 23, p. 9). However, this argument ignores or otherwise contradicts the process server's affidavit and return of service which Plaintiff has already relied upon in his Motion for Default.

(D.E. 13). Specifically, the return of service makes clear that service was specifically attempted at "a private mailbox, in accordance with [Florida Statute] 48.031(6)." (D.E. 13-2, p. 5). Plaintiff's attempts to distance himself from this clear statement should not be well received.

## STRONG PUBLIC POLICY FAVORING DECISIONS ON THE MERITS

Even if the Court accepts Plaintiff's arguments concerning service (which it should not), good cause exists for setting aside the default. Specifically, based on the apparent defects of service, Anesta Web had good cause to believe that it had no duty to answer the complaint as it was Defendant's belief that process had not been served; Anesta Web has meritorious defenses, not least of which based on the fact that personal jurisdiction does not exist over it;[1] and Plaintiff will not suffer prejudice if the default is lifted. Further, the "strong public policy of the Federal Rules of Civil Procedure favoring decisions on the merits" should guide the Court to set aside default. Liang, 2007 U.S. Dist. LEXIS 26543 *10 (citing Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

Particularly in view of the Court's April 24, 2008 Order which made substantial findings of fact and law concerning the Defendants' position on personal jurisdiction, it appears that this Court may not have personal jurisdiction over Anesta Web. (D.E. 25). Specifically, the Court has already held that:

> Because Anesta Web operates a website related to the provision of anesthesiology services (www.anesthesiologistassistant.com), Plaintiff concludes that the exercise of general jurisdiction is appropriate. Although Plaintiff does not provide any evidentiary support, Plaintiff contends that Defendants do, in fact, solicit sales in California and references the website, www.anesthesiologistassistant.com. This argument, even if true, fails to show systematic and continuous contacts sufficient to satisfy the due process concerns identified in International Shoe. Consequently, the court rejects the argument that Defendants are subject to general personal jurisdiction in California.

Id. at p. 5.

---

[1] The Court has already made substantial findings of fact which appear to indicate that the Court agrees that personal jurisdiction is not proper over Anesta Web. (D.E. 25 and 26).

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
37TH FLOOR - ONE CALIFORNIA PLAZA
300 SOUTH GRAND AVE
LOS ANGELES, CALIFORNIA 90071-3147

1  Additionally, the Court stated that:

2  Under [the <u>Zippo Mfg. Co.</u>] sliding scale inquiry, the website at issue
3  more closely resembles an advertisement . . . In sum, the court finds
4  that Plaintiff has failed to demonstrate that the first prong of the test
5  for specific jurisdiction is satisfied. Therefore, the court need not
6  consider whether the exercise of jurisdiction in this case would be
7  reasonable.

8  <u>Id</u>. at p. 8.

9  It therefore, appears that the Court has already ruled on the facts and law surrounding Anesta Web's Motion to Dismiss for Lack of Personal Jurisdiction. For the Court to deny Anesta Web's Motion to Set Aside Default when it appears that the Court has already made a determination of facts and law sufficient to support a finding that personal jurisdiction is not proper over Anesta Web would at the very least contradict the "strong public policy of the Federal Rules of Civil Procedure favoring decisions on the merits."

## THE PLAINTIFF SHOULD BE GIVEN NO ADDITIONAL TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

In his response in opposition to Anesta Web's Motion to Set Aside Default and Motion to Dismiss, Plaintiff suggests that the Motion to Dismiss filed on numerous grounds was "brought out of turn" and that "[i]f the Court sets aside default on April 25, then it should reset the clock for motions to dismiss in order that Plaintiff have sufficient time to develop appropriate opposition." (D.E. 23, p. 11). However, Anesta Web's Motion to Dismiss is nearly identical to the Motion to Dismiss filed by dismissed Defendants Banks and Page. Because Plaintiff had full opportunity to, and did, brief his opposition to that Motion, Plaintiff has no genuine need for additional time to prepare a brief in opposition to Anesta Web's Motion to Dismiss. Further, it is not entirely clear that even if Plaintiff were given such additional time that he could ultimately succeed as it appears that the Court

has already ruled on the facts and law of Anesta Web's Motion to Dismiss for lack of personal jurisdiction.[2]

As such, the Court should grant Anesta Web's Motion to Set Aside Default and should thereafter dismiss this action based at least upon lack of personal jurisdiction, if not on the multiple other grounds set out in Anesta Web's Motion to Dismiss.

DATED: May 5, 2008

By: /s/ Gretchen D. Stockdale
GRETCHEN D. STOCKDALE
**HILL, FARRER & BURRILL LLP**
GRETCHEN D. STOCKDALE

**ROTHSTEIN ROSENFELDT ADLER**
FRANK HERRERA
GUSTAVO SARDINA

Attorneys for Defendants ANN BANKS and CHRISTOPHER GREEN and ANESTA WEB, INC.

HFB 800495.1 B0969002

---

[2] To the extent not already done so, Anesta Web incorporates herein the Declaration of Christopher Green (D.E. 8-3), the Declaration of Ann Banks (D.E. 8-4), and the facts and law presented in Defendants Green and Banks' Motion to Dismiss (D.E. 8-2) and the Reply in Support thereof (D.E. 17) as though fully set out.