# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PAGE,<br><br>          Plaintiff,<br>vs.<br><br>ANN BANKS; CHRISTOPHER GREEN; and ANESTA WEB CORPORATION,<br><br>          Defendants. | CASE NO. 07cv2254 JM(BLM)<br><br>ORDER GRANTING MOTION TO SET ASIDE DEFAULT; DENYING MOTIONS TO DISMISS AS PREMATURELY FILED |

  Defendant Anesta Web Corporation ("Anesta") moves to set aside default on the ground that Plaintiff failed to effectuate proper service. In the event default is set aside, Anesta also moves to dismiss the complaint for lack of personal jurisdiction, improper venue, and for failure to state a claim pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6), respectively. Plaintiff Joseph Page opposes the motion to set aside default and argues that the motions to dismiss are prematurely filed. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to set aside default and denies the motions brought pursuant to Rules 12(b)(2), 12(b)(3) as prematurely filed.

## BACKGROUND

  On February 15, 2008 Plaintiff filed the operative FAC alleging two claims for cybersquatting and trademark infringement and dilution. Plaintiff is a citizen of

California and Defendants are citizens of Florida.

On April 4, 2007, Plaintiff alleges that he registered the Trademark "Couture Today" and registered the Internet domain name couturetoday.net "with the intent to, and then did, provide business services including fashion related news reporting and advertising on a website associated with that domain name." (FAC ¶4). Shortly thereafter, on April 23, 2007, Plaintiff alleges that Defendants offered to sell the domain name "couturetoday.com." (FAC ¶5). He also alleges that "[n]o actual website was ever served on dates prior to Defendants' offer of sale for that domain name." Id. On November 19, 2007 Defendants again allegedly offered the domain name "couturetoday.com" for sale.

On November 26, 2007 Plaintiff telephonically contacted defendant Green to notify him of Plaintiff's 'intellectual property rights including trademark rights to Courture Today and similar domain names." (FAC ¶8). The following day, Plaintiff alleges that Defendants "did cause to be served *a new web site* associated with domain name 'couturetoday.com' and the fashion services of Defendant Banks in a thinly veiled and bad faith attempts to provide 'legitimacy' to the sham by actually hosting a functioning website while quitting the 'parked' nature of the domain name." (FAC ¶9).

Plaintiff alleges that "Defendants altered their domain name registrar administrative contact records. In this regard, the records were adjusted to omit the 'for sale' notice afer commencement of this complaint. It is widely known by cybersquatters that offers for sale are sometimes fatal in claims for ownership of names - and Defendants wanted to conceal their previous position whereby they were openly willing to sell the name, once they understood a contest was mounting." (FAC ¶11). The Defendants allegedly have "an updated sham web site" that includes a false copyright notice. (FAC ¶12).

Plaintiff further alleges that Defendant Green registered the domain name "courturetoday.com" on June 18, 2000 but did not take any steps for "formal

1  registration of trademarks." (FAC ¶19). Defendants also did not allegedly use the domain name in connection with the offering of any goods or services until November 27, 2007.

Based upon the above generally alleged conduct, Plaintiff alleges two causes of action for cybersquqatting and trademark infringement and dilution of marks. Plaintiff seeks actual damages and injunctive relief to enjoin Defendants "from continuing registration of the domain name 'courturetoday.com.'"

On March 18, 2008 Plaintiff requested entry of default and default was entered against Anesta on March 20, 2008. On April 24, 2008 the court granted Defendant Banks and Green's motion to dismiss for lack of personal jurisdiction.

## DISCUSSION

**Motion to Set Aside Default**

Under Rule 55(c), the court may set aside an entry of default for good cause. F.R.C.P. 55(c). The court has broad discretion in resolving a Rule 55(c) motion to set aside an entry of default. <u>Mendoza v. Wight Vineyard Management</u>, 783 F.2d 941, 945 (9th Cir. 1986). The court may use the factors relevant to a Rule 60(b) motion to set aside a final default judgment, but should apply the factors more liberally when addressing a Rule 55(c) motion. <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986). Even in the more rigorous 60(b) context, there is a strong preference for trial on the merits, and any doubts should be resolved in favor of setting aside the default. <u>Direct Mail Specialists v. Eclat Computerized Technologies</u>, 840 F.2d 685, 690 (9th Cir. 1988).

Anesta argues that service of process failed to comply with Rule 4(h), service on a corporation, and therefore default must be set aside. Rule 4(e)(1) specifically allows service of process pursuant to state law "where the district court is located or where service is made." Rule 4(h)(1)(A) permits service pursuant to Rule 4(e)(1) and, in addition, provides for service by:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by

> appointment or by law to receive service of process and, if the agent is one authorized by statute to receive serve and the statute so requires, by also mailing a copy to the defendant.

Fed.R.Civ.P. 4(h)(1)(B).

Here, the process server declared that service on Anesta was effectuated by substitute service on Darren Benari as owner of the private mailbox at 5722 S. Flamingo Road, Fort Lauderdale, Florida, pursuant to Fla. Stat. § 48.031(6). (Request for Entry of Clerk Default, Docket No. 13 at p. 5). Fla.Stat. §48.031(6) provides:

> (6) If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location.

The court concludes that Anesta has established good cause within the meaning of Rule 55(c). Anesta submits evidence to show that Anesta's primary address is discoverable through review of public records available on the Florida Department of State Division of Corporations' website (www.sunbiz.com). The address available through this website indicates that Anesta's registered agent is located at 411 Wimbledon Drive, Cooper city, Florida. (Anesta's Exh. A). In his opposition, Plaintiff represents that he effectuated service on the private mailbox for Christopher Green, as CEO of Anesta. Consequently, service of process did not comply with the statutory prerequisite for service under Fla.Stat. §48.031(6) because Anesta did not maintain a mailbox at that location.

In light of the strong preference for resolution of issues on the merits, the diligent response of Anesta in moving promptly to set aside default, the absence of prejudice to Plaintiff, and Anesta's good faith belief that service was improper under Fla.Stat. §48.031(6), the court grants the motion to set aside default. This finding of good cause is not undermined by Plaintiff's argument that service was proper under California law. Even if service were validly effectuated pursuant to California law, Anesta acted reasonably in relying on the only grounds for proper service identified in the return of service, identifying Fla.Stat. §48.031(6) as the basis for service of process. (Anesta

1  Exh. A).

2  In sum, the court grants the motion to set aside default.

3  **The Motions to Dismiss**

4  In the event this court "overlooks the plaintiff's failure to comply with Rule 4's requirement that Plaintiff properly serve process on Anesta," (Motion at p.6:17-18), Anesta moves to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim. Plaintiff did not submit any opposition to the motions to dismiss. Rather, Plaintiff represents that the motions to dismiss are premature until the court sets aside default.

Until Plaintiff effectuates proper service on Anesta (or Anesta waives service), the court declines to reach the merits of Anesta's motions to dismiss. Once Anesta is properly served with process, Anesta may file an appropriate response.

In sum, the motion to aside default is granted and the motions to dismiss are denied as prematurely filed.

**IT IS SO ORDERED.**

DATED: May 12, 2008

Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties